CASE 4—MANDAMUS—SEPTEMBER 26.

# Long, Treasurer, v. McDowell.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. TREASURER—DUTY TO DEDUCT INDEBTEDNESS BEFORE PAYING CLAIM. —It is the duty of the Treasurer under sec. 4701 of the Kentucky Statutes before paying to an assignee of a State warrant the amount of it, to deduct the amount of an indebtedness of the assignor to State existing before the issual of the assigned warrant.

2. SAME—ESTOPPEL BY STATE OFFICER.—The fact that the State Auditor acted for the assignee in purchasing such warrant works no estoppel against the State.

W. S. TAYLOR, ATTORNEY GENERAL, AND M. H. THATCHER, FOR APPELLANT.

It was the duty of the Treasurer under sec. 4701 of the Kentucky Statutes, to deduct from the warrant issued to Julian and assigned by him to the appellee, to deduct from the face of the warrant the $250 which Julian owed the State. Ky. Stat., sec. 4701; Sutherland on Statutory Con., sec. 442; Johnson v. The Auditor, 78 Ky., 283.

CHARLES H. RHODES, FOR APPELLEE. (JOHN W. RODMAN OF COUNSEL).

1. The Auditor had no authority to issued a warrant to Julian for the $250 until he had investigated the facts and ascertained that he had a valid and just claim against the State. The issual of the warrant, therefore, to Julian, which was assigned to McDowell, imported a guaranty by the State of the indebtedness to Julian at that date of that amount, and for this reason the State is estopped by the act of its officer. 23 Am. & Eng. Ency. of Law, 80 and note and authorities cited; Town of Coloma v. Eaves, 92 U. S., 485; Morawetz on Private Corps., vol. 2, secs. 612, 615.

2. The State is estopped by the act of the Auditor in acting for McDowell in procuring the assignment of the warrant. Bigelow on Estoppel, p. 467-81; 23 Am. & Eng. Ency. of Law, 80.

3. At the time the act of May 8, 1897 was enacted, the State had no money in its treasury with which to pay its creditors and

said act was adopted for the purpose of enabling the State credi-
tors to sell their warrants without being subject to a heavy dis-
count, and thereby obtain money with which to pay their debts
and supply themselves with the necessary comforts of life.
Under such a state of case as this, no set-off can be allowed as
was decided by this court in Barbaroux v. Barker, 4 Met., 47;
Wells v. Lewis, 4 Met., 269.

4. Julian, the payee in the warrant sued on, is not a public debtor
within the meaning of sec. 4701 of the Kentucky Statutes.
Johnson v. Auditor, 78 Ky., 283.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

Appellee applied for a mandamus in this proceeding to
compel appellant to pay to him, as assignee of Ira Julian,
an interest-bearing warrant for $634.29, issued by the Aud-
itor of Public Accounts to Julian on the 17th day of July,
1897, which warrant was purchased by the Auditor for
appellee at his request.

Appellant relies upon the following facts set out
in his answer to defeat the application for the
mandamus: He says that prior to July, 1893, Julian
was employed as assistant counsel by the Attorney-General
in the case of the Commonwealth against C. Fraize and
others, then pending in the Franklin Circuit Court; that
subsequently to his employment a judgment was recovered
against C. Fraize and others, which was collected and paid
into the State treasury; that in July, 1897, Julian pre-
sented to the then acting Governor and Auditor his ac-
count for services rendered as assistant counsel in this
proceeding, and asked that a fee for his services be fixed
by them, and that pursuant to said demand the Governor
and Auditor fixed his fee at $634.29; that this allowance
was in full for all services rendered by Julian in con-
nection with such case, and was so known and acquiesced
in by him; that thereupon Julian presented to the Audi-
tor the record of his allowance, and demanded and re-

ceived a warrant for $634.29, the amount thereof; that subsequently to the assignment of this warrant to plaintiff, and before it was presented to the Treasurer for payment, it was discovered that Julian had on the 31st day of July, 1893, presented to the then acting Auditor of Public Accounts a claim of $250 on account for services rendered in the same case, and unlawfully demanded payment thereof, and that the acting Auditor at that date wrongfully and illegally issued a warrant for the sum of $250, which was delivered to Julian, and collected by him on the same day from the Treasurer. The defendant further alleges that; at the time of the issual of the $250 warrant and the payment thereof, no part of the judgment in the case of the Commonwealth against C. Fraize and others had been paid into the State treasury, and no allowance had been made to Julian for his services rendered in that case, by the Governor and Auditor, as required by the statute; that at the time the Governor and Auditor fixed the fee for Julian's services, in 1897, and at the time the Auditor issued his warrant for the amount thereof, neither of them had any knowledge or information of Julian having theretofore received the $250 on account of such services; and that Julian failed to disclose same. The defendant further states that as soon as the facts with reference to the payment of the $250 were discovered, and before the presentation for payment of the warrant sued for, the Auditor notified Julian of the wrongful payment of the $250, and demanded that same be refunded to the State Treasurer, which was refused, and avers that, at the time of the demand for the payment of the warrant sued on, Julian, the payee and assignor thereof, was indebted to the Commonwealth of Kentucky in the sum of $250 on account of such wrongful payment, and that he deducted

this amount from the warrant, and tendered to appellee the balance due thereon.

The chancellor sustained a demurrer to the answer of appellant, and, he having declined to plead further, adjudged that appellant, as Treasurer of the State, pay the full amount of the warrant and interest. To reverse that ruling the case is brought to this court.

Section 114 of the Kentucky Statutes, which is also a provision of the General Statutes, provides that the Attorney-General may employ assistant attorneys to investigate and collect demands due the Commonwealth, and "that the fees of such assistants as he may have shall be fixed and agreed upon by the Auditor and Governor, be paid out of the State treasury, and shall in no case exceed 30 per cent. of the amount recovered and paid into the treasury, and, provided the 30 per cent. shall not amount to three thousand dollars and more, the fee shall be limited to three thousand dollars; and no fee shall, in any case, be allowed or paid, except out of the amount recovered and paid into the treasury, unless that portion belonging to the Commonwealth is remitted by the Governor."

This provision of the statute requires that the fees of attorneys employed as assistants by the Attorney-General shall be fixed and agreed upon by the Auditor and Governor before they can be paid, and must come out of the amount recovered in the action in which the services were rendered, and after such amount has been paid into the treasury. As these preliminary conditions did not exist, and had not been complied with, if the averments of the answer are true,—and this must be conceded for purposes of the demurrer,—the Auditor was not authorized to issue the warrant for $250 to Julian; and, when the warrant sued on in this action was presented to the Treasurer for payment,

[2]

Julian owed the Commonwealth this $250, which had been prematurely and illegally paid to him upon his account for services rendered in the identical case which the warrant sued on was drawn to pay.

Section 4701 of the Kentucky Statutes, which is a provision of the Act of March 27, 1893, regulating and defining the duties of the Treasurer, provides that

"No money shall be paid to any person in his own right or as assignee of another, when such person or his assignor is owing the Commonwealth; and such claims, when presented, shall be liquidated and settled by a credit for the amount thereof upon the accounts of the public debtor, so far as may be required to pay the amount; and for any balance due after settling the whole demand of the Commonwealth, payment may be made." And this provision of the law made it the duty of the Treasurer to deduct such indebtedness from the claim sued on, before making payment either to Julian or his assignee.

It is insisted for appellee that appellant is estopped from relying upon the defense pleaded, for the reason that the Act of the Legislature which authorized the issuing of the warrant sued on provided that it should be the duty of the Auditor, when claims were presented, to immediately audit them, and, if found correct, to issue a warrant therefor, and that, having issued the warrant, and appellee having bought it in good faith for its full value, the State is estopped by such action on the part of the Auditor from questioning its validity; and, second, that it is estopped because the Auditor had acted as appellee's agent in making the purchase of the warrant from the payee, Julian.

It was no part of the official duty of the Auditor or his assistant, through whom this transaction seems to have

been had, to have purchased this claim. Such action on his part seems to have been wholly gratuitous, and rendered at the solicitation of appellee. Certainly the State could not be charged therewith. There is no better settled principle of law than that the State can not be estopped by unauthorized acts of its officers.

The provision of the statute relied on by appellant has been a part of the statutory law of this State for many years, but, so far as our attention has been directed, or that we have been able to find, there has been no consideration of it by this court, except in the case of Johnson v. The Auditor, 78 Ky., 283. In that case it appears that the jailer of Henderson county applied for a mandamus to compel the Auditor to pay him $76, which had been allowed to him by the court for attendance upon the court and for fuel furnished. The court below refused to grant the application in that case because the plaintiff was indebted to the State as surety for one of its defaulting officers. Upon appeal to this court the judgment was reversed upon the ground that public policy forbade that the fees of a jailer should be withheld, as it might interfere with his power to discharge the duties imposed upon him by law; but the court in that case clearly intended to limit that ruling to the facts before it, as Judge Hines, in his opinion, says: "We do not undertake to say how far, if at all, such a construction as we here adopt would apply to any other officer of the Commonwealth." And, whilst the facts of this case make it a very hard one upon appellee, certainly no such principle of law can be appealed to, to set aside a plain provision of the statute, made for the protection of the State Treasurer from just such claims as this. We are of the opinion that the answer of appellant states facts sufficient to support a good defense to the

claim sued on, and that the lower court erred in sustaining demurrer thereto.

For reasons indicated, the judgment is reversed, and the cause remanded for proceedings consistent with this opinion.

---

CASE 5—ACTION TO ENFORCE JUDGMENT—September 26.