

Paul E. Tierney, Frankfort, for appellant.

No appearance for appellee.

MONTGOMERY, Judge.

Pursuant to KRS 418.020, the following questions were submitted to the trial court:

"1. Does a citizen, eligible in all respects for a public assistance grant under KRS Chapter 205 have a 'claim' against the Commonwealth for assistance payments as the word 'claim' is used in KRS 44.030?

"If the answer to question 1 is 'yes'

"2. Upon the establishment of the fact that a recipient of public assistance has been overpaid as a result of the failure of the recipient to report other income (KRS 205.210(1)) may future grants or claims for which the overpaid recipient may be eligible be withheld by the Commonwealth and used to liquidate the overpayment?"

The trial court held there was no claim. Judgment was entered in favor of appellee, Annie Offutt.

**Earle V. POWELL, Commissioner of Economic Security, Appellant,**

**v.**

**Annie OFFUTT, Appellee.**

Court of Appeals of Kentucky.

June 12, 1964.

Appellee received old age assistance without interruption from at least January 1951 until May 1961. The amount of the monthly grant was predicated on the premise that she had no other income whatsoever.

On August 20, 1958, appellee received a social security award, including back payments, amounting to $330 for eleven months at the rate of $30 per month and continuing thereafter. In January 1959, this was automatically raised to $33 per month, and on September 1, 1961, to $40 per month. None of this income was reported to the Division of Public Assistance. When an investigation revealed the additional income, an overpayment of $1,275 was declared by the Department to have been made. During the time that the overpayment was created, appellee was under the care and in the custody of her daughter and son-in-law, now deceased. After appellee's endorsement, they would cash the checks and use the proceeds for appellee's necessities.

In an order dated December 11, 1961, the Appeal Board of the Department held that the appellant was prohibited by statute from making any further public assistance payments until the Commonwealth was reimbursed in the amount of the overpayment. It is not clear what, if any, payments have since been made.

The Chancellor found that there was no suggestion that appellee was guilty of any fraud or had knowingly made any false statement, or that appellee had any left of the "windfall" payments of social security, or that any amount appellee may have received, or was received for her, was more than adequate for her necessary support. It is admitted that apppellee was senile during the period of overpayment. At the time of the hearing in circuit court, she was helpless and in a nursing home, without any property or income except her social security payments unless the old age assistance payments had been resumed.

Appellant urges that the overpayment constitutes a claim as used in KRS 44.030, which provides:

"No money shall be paid to any person on a claim against the state in his own right, or as an assignee of another, when he or his assignor is indebted to the state. The claim, to the extent it is allowed, shall be credited to the account of the person so indebted, and if there is any balance due him after settling the whole demand of the state such balance shall be paid to him."

The Chancellor in his opinion noted that Kentucky Revised Statutes, Chapter 205, makes no reference to a beneficiary as being a claimant or having a claim against the Commonwealth. It was held that in the absence of fraud or misrepresentation appellant had no power to withhold payments from the beneficiary in satisfaction of overpayments "but only to determine prospectively, based on the recipient's estimated other income, and nest egg in hand, if any, a reduction in or pro tem cessation of benefits."

The Chancellor based his opinion on the following statement of purpose of the Old Age Assistance Act from Commonwealth ex rel. Meredith v. Frost, 295 Ky. 137, 172 S.W.2d 905: "The intention is to pay the beneficiaries currently something to exist upon and to aid them to live day by day." In that case the Court disapproved a plan to borrow time of the ensuing fiscal year by impounding the balance of the then current year's appropriation and to hold it over and pay it out in the ensuing year.

In Ferguson v. Noe, Ky., 364 S.W.2d 650, an uncontested determination of eligibility was upheld and the Department was directed to determine benefits on the basis of current or existing needs during the period of eligibility. Under the stipulated facts appellee is eligibile for full assistance benefits except to the extent that she may be disqualified by receiving social security benefits. Under the circumstances of this case there is no showing that full assistance and social security payments were not necessary to provide for appellee's then current needs.

The Chancellor correctly held that appellant could not collect from appellee.

The problem of overpayment of benefits has since been sought to be remedied by enactment of KRS 205.225, effective June 14, 1962.

Judgment affirmed.