Frank R. METTS (now J.F. Runke), Secretary of Transportation; Drexell R. Davis, Kentucky State Treasurer; George Fischer (now Robert L. Warren), Secretary of Finance & Administration Cabinet, Commonwealth of Kentucky, Appellants,

v.

CITY OF FRANKFORT, Kentucky and Robert C. Yount, Appellees.

Court of Appeals of Kentucky.

March 9, 1984.

Charles D. Moore, Jr., Counsel, Dept. of Transp., E. Gaines Davis, Jr., Frankfort, for appellants.

Allen Prewitt, Jr., Frankfort, for appellees.

Before CLAYTON, DUNN and HOWARD, JJ.

HOWARD, Judge.

Appellants appeal the dismissal of their counterclaim seeking to set-off money appropriated to the City of Frankfort by the Legislature against unpaid bills incurred by the City for the relocation of its sewer lines in connection with three highway improvements. This appeal relies upon construction of K.R.S. 44.030, which reads as follows:

No money shall be paid to any person on a claim against the state in his own right, or as an assignee of another, when he or his assignor is indebted to the state. The claim, to the extent it is allowed, shall be credited to the account of the person so indebted, and if there is any balance due him after settling the whole demand of the state such balance shall be paid to him.

The facts involved are relatively clear. During the period between July 25, 1966, and September 6, 1967, the Department of Transportation, through its contractor, relocated sewer lines belonging to the City of Frankfort in connection with the widening

of the Frankfort-Shelbyville Road (U.S. 60), at a cost of $76,148.49.

During the period between April 9, 1976, and June 20, 1977, the Department's contractor relocated Frankfort sewer lines in connection with the construction of Section V of the East-West Connector and Maryland Avenue extended, at a cost of $13,-139.07.

During the period between February 9, 1977, and May 8, 1977, the Department's contractor relocated Frankfort sewer lines in connection with the construction of Section I of the East-West Connector from U.S. Highway 127 to the new bridge over the Kentucky River at the Lawrenceburg Road intersection, at a cost of $17,715.10.

Due to the lack of funds, the Municipal Sewer Board of Frankfort had adopted a resolution on May 27, 1966, accepting responsibility for the sewer work on the U.S. 60 project, but letting the Department bear the initial cost of the sewer relocation.

No attempt was made by the Department to recover these costs until the present action arose.

On or about June 4, 1982, pursuant to K.R.S. 44.030, the Secretary of Transportation notified the Secretary of Finance and Administration and the State Treasurer to withhold $285,450.07 "from monies due the City of Frankfort under any eligible programs" in order to apply that amount to the sewer relocation indebtedness plus interest.

On June 30, 1982, the City filed an action to enjoin the Secretary of Transportation, the Secretary of Finance & Administration, and the State Treasurer, from acting upon the notice from which the appellants counterclaimed. After a hearing, the City secured a temporary injunction. The court later made the injunction permanent, holding that all of the sewer relocation projects were completed more than five years before the filing of the counterclaim in this action, thus barring the counterclaim. We affirm.

The appellants' first argument is that the procedure authorized by K.R.S. 44.030 is not an "action" within the scope of the statutes of limitations. The statute of limitations relied upon by the City and apparently by the court below is K.R.S. 413.120, which states in part:

The following actions shall be commenced within five years after the cause of action accrued:

. . . .

(2) An action upon a liability created by statute, when no other time is fixed by the statute creating the liability.

K.R.S. 413.150 makes this limitation applicable to the Commonwealth.

■ K.R.S. 413.250 provides that an action "shall be deemed to commence on the date of the first summons or process issued in good faith from a court having jurisdiction of the cause of action." CR 3 states that a civil action "is commenced by the filing of a complaint with the court and the issuance of a summons or warning order thereon in good faith." Accordingly, the "action" contemplated by the statutes of limitations involves judicial proceedings.

■ The Secretary of Transportation's notice to the Secretary of Finance and Administration and to the State Treasurer did not involve judicial proceedings, but was designed to give notice that the City was indebted to the Commonwealth and that the provisions of K.R.S. 44.030 were to be invoked. No party disputes that the Commonwealth is prevented from direct suit for the debt due to the statute of limitations. However, the proper use of K.R.S. 44.030 is not an action to which the statutes of limitations apply.

■ The appellants next contend that K.R.S. 44.030 could be used against the legislative appropriations to the City of Frankfort, since all requests for such monies by the City is a "claim against the state" which can be set-off against any debt due the Commonwealth. With this concept we disagree.

This statute as presently worded was formerly indexed as Ky.Stat. 4701 and dates back to 1893. Of the few cases construing the statute, none appear to give

**320**

much aid to the factual situation before us. Cf. *Long v. McDowell,* 107 Ky. 14, 52 S.W. 812 (1899); *Stone v. Mayo,* 21 K.L.R. 1559, 55 S.W. 700 (1900); *Powell v. Offut,* Ky., 380 S.W.2d 209 (1964); *Reliance Ins. Co. v. Com., Dept. of Transportation,* Ky.App., 576 S.W.2d 231 (1978).

In *Powell, supra,* the Court held that overpayments of public assistance payments were not collectible by withholding of future public assistance under K.R.S. 44.030, affirming the findings of the chancellor. The chancellor noted that there was no statutory reference which made a beneficiary of such payments a claimant against the Commonwealth. Similarly, we have not found nor been cited any authority which would make any city receiving legislative appropriations a claimant to such monies against the Commonwealth.

Testimony stated that the appropriations sought to be withheld by the appellants included monies distributed through the municipal aid program, which is the City's distributive share of motor fuels' taxes appropriated by the General Assembly, and monies derived from mineral severance taxes, which would prevent planning associated with street, bridges and roadway reconstruction. Testimony also indicated that monies from the legislative appropriations for salary incentive benefits to police and firemen would be set-off against the debt.

We believe it to be against public policy for K.R.S. 44.030 to be used against such legislative appropriations which benefit the residents of Frankfort, and indirectly benefits the residents of the Commonwealth as a whole.

As such, the judgment of the circuit court is affirmed.

All concur.