**Robert L. WHITTAKER, Director of Special Fund Appellant**

v.

**Crystal BROCK; Hiram Brock (Deceased); Golden Glow Coal Company, Inc.; J. Kevin King, Administrative Law Judge; and Workers' Compensation Board Appellees**

No. 2001–SC–0320–WC.

Supreme Court of Kentucky.

April 25, 2002.

Rehearing Denied Aug. 22, 2002.

John Burrell, Labor Cabinet—Special Fund, Frankfort, Counsel for Appellant.

Christy L. Muncy, Law Office of Kenneth A. Buckle, Hyden, Counsel for Appellee, Crystal Brock.

## OPINION OF THE COURT

Upon the death of a worker "who has filed, or could have timely filed a valid [workers' compensation] claim in his lifetime," KRS 342.730(3) requires that specified portions of the income benefits that have not yet been paid to the deceased worker shall be paid to certain classes of surviving dependents. Among those dependents are children who are under the age of 18 or incapable of self-support. KRS 342.730(3) contains no explicit period of limitations during which a motion for the continuation of benefits under an existing award must be filed. The motion that is the subject of this appeal was filed by the daughter of a deceased worker but was dismissed, among other reasons, because it was filed nearly ten years after his death. Following decisions by the Workers' Compensation Board (Board) and the Court of Appeals that limitations was not a proper ground for dismissing the claim, the Special Fund appeals.

Hiram Brock was awarded lifetime income benefits for permanent, total disability as of January 1, 1982. He died on August 17, 1990, as a result of a gunshot wound, and his widow, Gracie Brock, was later convicted of reckless homicide in causing his death. Although the relevant documents have not been made a part of the record in this appeal, it is undisputed that sometime in 1993 Gracie sought a continuation of benefits under Hiram's award but that her motion was denied on the ground that she intentionally caused his death. The decision was not appealed. On June 23, 2000, Crystal Brock filed a Department of Workers' Claims (Department) Form 11 motion to be substituted as a party and to receive "continuation" benefits under Hiram's award, listing herself as a dependent. She alleged that she was his daughter and that her date of birth was February 23, 1974. As directed by the form, she attached a copy of Hiram's death

certificate and a copy of her birth certificate which indicated that her parents were Hiram Brock and Grace Collett.

Although Crystal had been 16 years old when Hiram died, she was 26 years old at the time of her motion. Nonetheless, she neither alleged nor offered any evidence that she was incapable of self-support after reaching the age of 18, and she offered no explanation or excuse for her delay in seeking continuation. Thus, an Administrative Law Judge (ALJ) denied the motion on the grounds that Crystal was presently more than 18 years old, that she did not allege that she was incapable of self-support and, furthermore, that it had been nearly 10 years since Hiram's death.

Crystal did not petition for reconsideration, but on appeal to the Board she asserted that no statute of limitations applied to her claim. She asserted that her failure to allege an inability to support herself after reaching the age of 18 had no bearing on her entitlement before that time and that under the applicable version of KRS 342.730(3)(c) she was entitled to 100% of her father's award from the date of his death until she reached 18 years of age.[1] She maintained that a showing of her inability to support herself after reaching the age of 18 was premature when she filed her motion and that the ALJ should have entered a scheduling order for the taking of proof in that regard, but she offered no authority in support of that assertion.

The Board vacated the ALJ's order, noting that KRS 342.730(3) contained no period of limitations and that under *Metts v. City of Frankfort*, Ky.App., 665 S.W.2d 318 (1984), general periods of limitations did not apply to workers' compensation proceedings. Noting that the Special

Fund had raised the equitable defense of laches before the ALJ, the Board remanded the matter with directions to give Crystal an opportunity to provide additional information concerning her status, either by means of a hearing or affidavit. Furthermore, it indicated that the ALJ could authorize additional proof with regard to the defense. Following the Court of Appeals' decision to affirm, the Special Fund appeals.

In *Whittaker v. Smith*, Ky., 998 S.W.2d 476 (1999), a widow began to seek continuation of her husband's award from the carrier shortly after his death. After 18 months without success, she filed a motion with the Department, and the Special Fund raised a limitations defense under KRS 395.278. We rejected the Special Fund's argument, explaining that because the widow was seeking a continuation of benefits under a final award and was not attempting to revive a claim that had been abated at her husband's death, the one-year period of KRS 395.278 did not apply. Noting that KRS 342.730(3) did not contain a period of limitations and that no other general period of limitations might apply that was less than 18 months, we concluded that the widow's claim was timely. When addressing the arguments that were raised, we were not required to determine the appropriate period of limitations for a survivor's motion to continue a deceased worker's award. In the instant case, the claimant prevailed at the Board and the Court of Appeals by asserting that no period of limitations applies when an otherwise qualified dependent seeks a continuation of benefits under a deceased worker's award under KRS 342.730(3). Therefore, we must determine whether there is a period of limitations and, if so, what it is.

1. On the date of Hiram's last exposure, KRS 342.730(3) provided that if there was no surviving spouse and only one qualified child, the child was entitled to receive the entire benefit. 1980 Ky. Acts ch. 104, § 15.

Although KRS 342.730(3) contains no explicit period of limitations, we are not persuaded that it is necessary to resort to a general period of limitations to determine when a motion for a continuation of benefits must be filed. We say this because KRS 342.730(3) provides that if a disabled worker dies from a cause other than the injury before the compensable period of their award has expired, the employer shall pay portions of any income benefits that remain unpaid under the award to individuals who come within specified classes of beneficiaries. Thus, the period of an individual's entitlement to "continuation" benefits under a deceased worker's award is limited by both the duration of the award, itself, and the duration of the individual's status as a qualified beneficiary. After either of those periods expires, the employer is no longer required by KRS 342.730(3) to continue paying benefits to the individual, and the individual no longer has a claim for "continuation" benefits that is subject to resolution by an ALJ. At that point, the appropriate remedy for individuals who did not receive the benefits to which they were entitled is in circuit court where, under KRS 342.305, "any party in interest" may apply for a judgment to enforce the award and for an execution on that judgment if necessary. The time for bringing such an action is five years under KRS 413.120(2), which applies to "a liability created by statute, when no other time is fixed by the statute creating the liability."

In the instant case, Crystal asserts that because she was Hiram's child and because she was under 18 years of age at his death, she made a prima facie showing of her entitlement under KRS 342.730(3). She maintains that because she did so, the ALJ should have given her an opportunity to offer evidence concerning her ability to support herself after reaching the age of 18. We note, however, that she never asked the ALJ for such an opportunity and never alleged that she was incapable of self-support. She first asserted that she was entitled to an opportunity to present evidence on the matter when appealing to the Board. We conclude, therefore, that the ALJ could not have erred by failing to grant Crystal an opportunity that she did not request.

Crystal's motion for a continuation of benefits alleged that she was Hiram's daughter and that her date of birth was February 23, 1974. She filed it in June, 2000, at which point she was clearly more than eighteen years of age; yet, she neither alleged nor offered any evidence that she was incapable of self-support. Under those circumstances, the motion was properly denied because she failed to prove that she was a beneficiary who was presently entitled to a continuation of benefits under KRS 342.730(3). In other words, although Crystal was entitled to the benefits that accrued during the period between Hiram's death and her eighteenth birthday, her claim was no longer subject to resolution by an ALJ. At that point, her remedy was an action in circuit court under KRS 342.305. The period for filing such an action began to run on her eighteenth birthday, when her entitlement to "continuation" benefits expired. Unfortunately, it expired five years later on her twenty-third birthday. KRS 413.120(2). For that reason, an action in circuit court was also barred by the time that Crystal filed her motion.

The decision of the Court of Appeals is reversed, and the decision of the ALJ to dismiss Crystal's motion is reinstated.

All concur.