CASE 48—MOTION—MARCH 22.

# Duff, Etc. v. Duff, Etc.

APPEAL FROM PERRY CIRCUIT COURT.

1. PRACTICE IN COURT OF APPEALS—LIMITATION.—A paper filed in the court of appeals, although called a motion to dismiss an appeal, which amounts substantially to a plea of limitation, which may be replied to, will be treated as such plea.

2. PRACTICE IN COURT OF APPEALS—WILL CONTESTS.—The provisions of sec. 745 of the Civil Code, providing that appeals may be taken to the court of appeals within two years does not apply to appeals from circuit courts in will contests, the time within which such appeals are to be taken being fixed by the provisions of sec. 4850 of the Ky. Statutes.

JOHN L. SCOTT & SON FOR APPELLANT.

1. The act fixing the limitation on appeals in will cases at one year is in conflict with the 5th clause of sec. 59 of the Constitution. City of Frankfort v. Scott, 101 Ky., 615.

J. J. C. BACH OF COUNSEL ON SAME SIDE.

E. E. HOGG FOR APPELLEES.

1. The judgment of the circuit court was rendered on the 9th day of March, 1895, and the appeal was not taken until the 4th of February, 1897; under the express provisions of sec. 4850 of the Ky. Statutes only one year is allowed in which to prosecute an appeal from the circuit court to the court of appeals in a will contest. 5th Bush, 383; 14th Bush, 509.

W. S. PRYOR AND GUY BRIGGS OF COUNSEL ON SAME SIDE.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

Upon an appeal from an order of the Perry County Court probating the will of Jno. A. Duff, judgment follow-

ing verdict of the jury, was, March 9, 1895, by the Perry Circuit Court, rendered, affirming that order.

But the appeal from that judgment was not brought to this court, until February 4, 1897. And now, a motion is made to dismiss the appeal, because it was not prosecuted within the time required by law.

Appellants, however, argue, that the appeal can not be dismissed on a mere motion, a formal plea of the statute of limitations being indispensable for that purpose. That position would be correct if appellee had done no more than make a mere motion. But the paper filed, though called a motion, amounts substantially to a plea of limitation, to which appellant can reply, setting up any facts in avoidance of a bar to the prosecution of the appeal.

Section 4850, Kentucky Statutes, provides, that the appeal to the circuit court shall be within five years after the judgment of probate or rejection of a paper offered as will in the county court, and prosecuted to the Court of Appeals within one year after the final decision in the circuit court.

The same provision was contained in the General Statutes, as had been in the Revised Statutes preceding, which as said in Arterburn's Executor against Young, 14 Bush, 509, were evidently intended to regulate the entire proceedings in regard to probating, or rejecting papers offered as last wills and testaments.

Section 743, Civil Code, fixing two years, within which appeals generally may be brought to this court does not nor ever was intended to apply to appeals from judgments

of the circuit court in will cases; but the limit of time within which an appeal can be taken in such cases is and was intended to be covered by the Kentucky Statutes.

Nor can the statutory provision be regarded, as argued by counsel, as inconsistent with or repugnant to any part of the Constitution.

As, therefore, it is not stated, nor appears that appellants, or any of them, labor under disabilities, or that any facts exist in avoidance of the plea of limitation, the appeal must be dismissed.