## Louisville & Nashville Railroad Company v. Colombo et ux.

### Same v. Felici.

(Decided May 5, 1931.)

ASHBY M. WARREN and C. S. LANDRUM for appellant.

WOOTTON & WOOTON for appellees.

OPINION OF THE COURT BY JUDGE CLAY.—Affirming.

B. Colombo, or Bersaglia, and his wife, and Felice Felici, who owned property abutting on the Louisville & Nashville Railroad's right of way in Duane, Perry County, brought separate actions against the railroad company to recover damages for injuries to their property caused by the alleged negligent building of a cut, and the removal of the lateral support. The allegations of each petition were denied by answer. The cases were consolidated and tried together. The jury returned a verdict in favor of Colombo and wife for $750, and in favor of Felici for $1,500. The railroad company appeals.

The evidence for appellees was to the effect that in the years 1927 and 1928 the railroad company used a steam shovel in making a 12-foot cut on its right of way; that after the cutting was done the land cracked for a distance of several feet and began and continued to slip down; that the houses and barns and other outhouses all cracked and came down, as well as the fruit trees; that the houses were warped, out of balance, in bad shape, and were no longer tenantable. It was further shown that the market value of the Colombo property was about $3,000 before the excavation and $800 after the excavation, while the market value of the Felici property before the excavation was $5,000 and after the

excavation about $1,000. There was further evidence to the effect that the digging of the cut caused the land to slip or slide.

On the other hand, the evidence for the company was to the effect that the cut was made several years ago, and at the times complained of by appellees it did nothing more than to clean out the cut, which act did not cause the land to slip. There was also evidence that the Ajax Coal Company had conducted mining operations some distance from the houses of appellees, and that thereafter the pillars were removed causing the mountain to sink down. It was also shown that all the digging or cutting was done on the railroad right of way, and that none of it approached nearer to the lots of appellees than eight feet, while some of it was still further away.

It will be seen from the foregoing resume of the evidence that there was substantial evidence to the effect that appellees' lots and buildings were badly injured, and that the injury was due to the removal of the lateral support by the railroad. On the other hand, the evidence for appellant tended to show that the injury was not due to any act on its part, but was due to the sinking of the mountain after the Ajax Coal Company removed the pillars supporting the roof. In view of this conflict in the evidence, it is at once apparent that the injury and the cause and extent thereof were all questions for the jury, and it cannot be said that its finding in either respect is flagrantly against the evidence.

But the point is made that the company was not liable because the digging was all done on its own right of way, and some distance from the land of appellees. Liability for removing the natural support of another's land grows out of the duty to use one's land so as not to injure land of another, and it is immaterial whether the digging is a few inches or a few feet from the land of the other, if the effect of such digging is to remove the lateral support.

Complaint is made of instruction No. 1 because it submitted to the jury the question whether the railroad company by itself, agents, and servants, blasted and cut away the land in front of plaintiffs' property, etc., whereas no blasting was shown. While it is never proper, of course, to submit an issue not supported by evidence, yet, as the main issue in this case was whether the digging caused the injury, and all the evidence was

directed to this issue, we are not disposed to hold the inclusion of blasting in the instruction as prejudicial error.

It is also claimed that the court improperly fixed the measure of damages as the difference between the market value of the property before and after the injury, whereas the true measure of damages was the reasonable cost of restoring the property to the condition it was in prior to the excavation. The last-mentioned measure of damages is undoubtedly correct, where there is a complete collapse of the building, and the cost of restoration which may be accurately fixed is more satisfactory than estimates of the diminution in market price. Smith et al. v. Howard, 201 Ky. 249, 256 S. W. 402. Here the land and houses slipped and were cracked, and the houses were thrown out of balance and rendered untenantable. Hence the situation was such that there was no practical method of hauling dirt, filling up the cracks, and restoring the property to its former condition, and no way of estimating the probable cost. In view of this situation, the measure of damages given by the court is fairer and more satisfactory than the uncertain cost of restoring the property to its former condition.

Appellant is the successor in title of the Lexington & Eastern Railway Company. The Lexington & Eastern Railway Company and appellees acquired title from a common source. The deed to the Lexington & Eastern Railway Company contained the following provision: "It is expressly agreed by and between the parties hereto, that the herein described land is purchased by the party of the second part for the purpose of constructing, maintaining and operating thereon a railroad and facilities appurtenant thereto, and that the consideration above named covers all damages of every character whatsoever, and whenever or wheresoever caused or that may be caused to the remaining lands of the parties of the first part by or incident to the construction, maintenance and operation of a railroad upon the lands herein conveyed or the use to which it may be put by the party of the second part, and that this agreement shall be a covenant running with the land and binding on the parties of the first part, their heirs or assigns forever." Appellant rested its case without offering in evidence its deed from the Lexington & Eastern Railway Company. On the return of the jury after viewing the premises, the deed was produced and offered in evidence,

but was excluded by the court. Error is claimed on the ground that the quoted provision of the deed from the common grantors to the Lexington & Eastern Railway Company was a complete defense, and that appellant should have been permitted to connect its title with that of the Lexington & Eastern Railway Company so as to avail itself of that provision. Whether, if that had been done, the provision would absolve appellant from liability for damages like those in question, we need not inquire. Appellant's defense was a general denial. Under that plea it had the right to show that it did not remove the lateral support, but that the injury was caused by some one else. In the absence of a plea to that effect it was not entitled to show that it was absolved from liability by the covenant contained in the deed to the Lexington & Eastern Railway Company. Not having a right to rely on that defense, the exclusion of the deed in question was not prejudicial error.

The judgment in each case is affirmed.