## Shannon, State Auditor, v. Burke, County Tax Com'r.

Feb. 10, 1939.

HUBERT MEREDITH, Attorney General, and JESSE K. LEWIS, Assistant Attorney General, for appellant.

LAWRENCE S. GRAUMAN for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

Chapter 43 of the Acts of 1938 (sec. 4072, Kentucky Statutes, Supp. 1938) provides:

"In counties containing cities of the first class, the county tax commissioner shall be entitled to receive an advancement of Five Thousand Five Hundred Dollars, ($5,500.00) per month to defray necessary official expenses and partial payment upon the salaries of himself and his deputies and assistants, and the Auditor of Public Accounts shall on the first of each calendar month draw his warrant on the treasurer in favor of such county tax commissioner for such sum. The sum of such advancements shall be deducted from the total amount found to be due such tax commissioner when yearly settlements are made. Should the tax commissioner in such county die, resign or be removed from office, or should the office of county tax commissioner in such county for any cause become vacant, the sums advanced hereunder shall be deducted from the total sum due for making assessment."

This act amended the former section of the statutes (section 4072) by increasing the amount of the advancement to be made to the County Tax Commissioner from $5,000 to $5,500 per month. No other change was made. The constitutionality of the former section was sus-

tained in Shannon v. Wheeler, 268 Ky. 25, 103 S. W. (2d) 718.

It is now contended by the Auditor of Public Accounts that he should draw his warrant on the Treasurer on the *last* day of each month for the purpose of paying the advancement to the Tax Commissioner instead of following the clear mandate of section 4072, directing that he draw his warrant for the advancement "on the first of each calendar month."

The auditor seeks to read some inconsistency between the provisions of section 4072 and section 156 of the Kentucky Statutes, which provides:

"Warrants for the monthly salary due to public officers shall not be issued before the last day of each month. A warrant may oe issued to any officer of the Commonwealth for the portion of salary due for a fractional part of a month in which the officer shall have served."

Section 156 deals with the payment of public officers generally. Section 4072 deals particularly with the County Tax Commissioner in counties containing a city of the first class and relates not only to salaries but also to office expenses. There is no real conflict between the two sections, and, even if there was, it would be his duty to follow the later statute dealing with the specific subject. Morgan Couny Board of Education v. Elliott, 260 Ky. 672, 86 S. W. (2d) 670.

There can be no question but that it is his duty to make the advancements as required by Section 4072 on the first of each month. This is the only question raised.

Judgment affirmed.