

---

A. E. Funk, Jr., Middlesboro, for appellant.

E. B. Wilson, Pineville, James Park, Lexington, for appellees.

**STANLEY, Commissioner.**

The case is submitted upon a motion to dismiss the appeal. The motion raises a question of construction or reconcilement of two procedural statutes which are literally inconsistent. One is a special limitation and the other a general provision extending time for an appeal to a defendant under the disability of infancy.

A declaratory judgment was rendered on November 22, 1941, that Ann Schultz, then three years of age, was not entitled as a pretermitted child (KRS 394.380) to any interest in the estate of Jacob Schultz, deceased, who had devised his entire estate to his widow. The child had been adopted by the testator and his wife after

**Ann SCHULTZ, Appellant,**

v.

**Sue N. SCHULTZ et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 18, 1959.

Rehearing Denied March 11, 1960.

he had written his will. The action was brought by the widow individually and as executrix against the infant and her statutory guardian. No appeal was then taken from the judgment.

Eight months after she became twenty-one years old the defendant, Ann Schultz, upon notice, filed a motion to vacate the judgment upon grounds which are essentially that it was erroneous and resulted from collusion between the plaintiff and the defendant's former guardian. The circuit court found all jurisdictional facts were shown of record and overruled the motion upon the ground that it was a collateral attack and the relief sought must be by appeal to the Court of Appeals. Thereupon, "Notice of Appeal" was filed and an application made to this court for an appeal from the original judgment, stated to be under authority of KRS 21.085, which is the general statute authorizing an appeal within one year after removal of the disability of infancy. The application is in accord with the practice under former secs. 734 and 745 of the Civil Code of Practice, which authorized the granting of an appeal by this court. See Wright's Adm'r v. Lexington & E. Ry. Co., 111 Ky. 690, 64 S.W. 675.

There is no appeal from the order overruling the motion to vacate the judgment.

The appellant, Sue N. Schultz, individually and as executrix of the will of Jacob Schultz, has moved for the dismissal of the appeal upon the ground that the right to appeal from the declaratory judgment entered November 22, 1941, expired sixty days thereafter. Since we sustain the motion, for reasons to be stated, it is not necessary to consider the questions that might exist by reason of the subsequent amendments to the statutes and change in appellate procedure. See Rule 73.01 et seq.

prescribing the present manner and time of procedure.

Our statute authorizing actions for a declaration of rights was enacted in 1922. Section 639a–5 of the former Civil Code of Practice was in pertinent part:

"Any party aggrieved by a declaratory judgment, order or decree, rendered in the circuit court, may within sixty days after such judgment, order or decree has become final, unless the time be extended by the court * * * take and perfect an appeal to the Court of Appeals in the manner now provided by law for appeals. * * * Should the party aggrieved not take and perfect an appeal to the Court of Appeals, within the time above provided, the declaratory judgment, order or decree, shall become final and no appeal or proceeding to modify or reverse shall thereafter be allowed." [1]

But since 1854 one of our procedural statutes, Civil Code of Practice § 745, had provided:

"An appeal shall not be granted except within two years next after the right to appeal first accrued, unless the party applying therefor was then a defendant in the action, and an infant not under coverture; or of unsound mind; or a prisoner who did not appear by his attorney—in which cases an appeal may be granted to such parties, or their representatives, within one year next after their deaths or the removal of their disabilities, whichever may first happen."

The section with the elimination of the two-year time element and the restriction to a party defendant was transferred to the Revised Statutes as § 21.085 as of July

1. By an act of 1952, effective July 1, 1953, this code provision was superseded by KRS 418.060 which provides that a party aggrieved by a declaratory judgment may take and perfect an appeal to the Court of Appeals in the manner provided in the Rules of Civil Procedure. See Rules 57, 73, 74, 75 and 76.

1, 1953, when the procedure by rules promulgated by this court became effective.

The question before us is whether the sixty-day limitation of the Declaratory Judgment Act is to be regarded or construed as an exception from or as being included within the comprehensive § 745 of the former Civil Code of Practice which tolled the period of limitation upon an appeal during the minority of a defendant.

In endeavoring to find the legislative intent, regard may be had for the principle of statutory construction (subject to qualification) that a later enacted or a specific law relating to the same subject matter and restricted in its operation by implication supersedes a law of a general nature to the extent of the repugnancy, or at least creates an exception to the general law. Shannon v. Burke, 276 Ky. 773, 125 S.W.2d 238; Morgan County Board of Education v. Elliott, 260 Ky. 672, 86 S.W.2d 670. Statutory Construction, Crawford, §§ 311, 312, 316; 82 C.J.S. Statutes § 299.

The reason and purpose of the later law should be taken into consideration. Monmouth Street Merchants' Bus Ass'n v. Ryan, 247 Ky. 162, 56 S.W.2d 963. The Declaratory Judgment Statute was enacted for the primary purpose of dealing with a particular subject. It prescribes the conditions for maintaining the action and the specific terms upon which an appeal may be prosecuted. So, in resolving the present conflict it is important to regard the statements in the Act that it is "remedial" and its "purpose is to make courts more serviceable" in settling controversies and to afford "relief from uncertainty and insecurity with respect to rights * * *." § 639a–10, Civil Code of Practice, now KRS 418.080. It was and is further provided that "All statutes, or laws in conflict or inconsistent with the provisions" of the statute "are hereby repealed." § 639a–12, Civil Code of Practice, now KRS 418.090.

As was written in 1926 in Murray Motor Co. v. Overby, 217 Ky. 198, 289 S.W. 307, 308: "The Declaratory Judgment Act provided an entirely new remedy, and in doing so it was competent for the Legislature to withhold altogether the right of appeal, or to enact such restrictions and qualifications thereon as a prerequisite to the right as it saw proper, since the right of appeal is not a constitutional one but only a matter of grace. [Citation omitted.] When such regulations, including time limitations, are enacted as applicable to a particular remedy or procedure, they are jurisdictional so far as the appellate court is concerned, and necessarily mandatory."

We have many times regarded the period of sixty days' limitation of time for an appeal to be of the essence of the right created by the statute and held that the lapse of that time extinguished the right of appeal altogether, and that this court has no jurisdiction thereafter. But in none of the cases was the question of the limitations being extended because of legal disability raised.

While this particular question pertaining to the extension of time for an appeal from a declaratory judgment has not heretofore been presented to the court, we have considered an analogous statute relating to the limitation of time for an appeal from a judgment in a will contest action. Section 4850, Ky.Statutes (now KRS 394.290) provided that in such a case an appeal must be taken within one year after final decision of the circuit court. It was held in Duff v. Duff, 103 Ky. 348, 45 S.W. 102, that § 745 of the Civil Code of Practice relating to an appeal within two years did not apply to will cases because the specific statutory right was limited to one year. The opinion observes that it did not appear that any of the appellants were laboring under disability. But in Noland v. Stacy, 110 S.W. 264, 33 Ky. Law Rep. 321, there was in issue the possibility of infants challenging title of a purchaser of land from a devisee under a continuing right

given by § 745 to appeal from the probate of a will. It was held the specific provisions as to time limitations of a contest of a will controlled, and would bar such a challenge. The court observed, "There is no saving clause in this statute for the benefit of infants with reference to appeals to the circuit court from the county court."

As shown above, in enacting the Declaratory Judgment Act, the legislature expressly repealed all inconsistent laws. So much the more should it be held that the unqualified limitation of sixty days for taking an appeal prevails as an exception to the general statute tolling time for an appeal during legal disability.

The motion to dismiss this appeal is sustained. It is so ordered.