**L. L. MORTON et al., Appellants,**

**v.**

**AUBURNDALE REALTY COMPANY et Appellees.**

Court of Appeals of Kentucky.

Nov. 18, 1960.

Herman E. Frick, William E. Berry, Louisville, for appellants.

James T. Carey, Louisville, for appellees.

WILLIAMS, Judge.

The appellee, Auburndale Realty Company, made application to the Department of Building and Housing Inspection of the City of Louisville for permission to erect a sign measuring 14 x 26 feet on its property, which is zoned "A-Residential." The Department of Building and Housing Inspection refused to issue the permit for the erection of such a sign for the reason that it was located in a residential district and did not comply with the provisions of Section 93–11 of the City of Louisville zoning ordinance. An appeal was taken to the Louisville and Jefferson County Board of Zoning Adjustment and Appeals for a grant of authority to erect the sign in question as a variance or exception to the city zoning ordinance.

The Board of Zoning Adjustment and Appeals approved erection of the sign for a one-year period, yet the Department of Building and Housing Inspection still refused to issue the permit. Appellee filed mandamus proceedings in Jefferson Circuit Court to force the Department of Building and Housing Inspection to issue the necessary permit. The Jefferson Circuit Court granted the writ of mandamus and ordered the permit issued. This appeal results.

The sign sought to be erected by appellee measured 14 x 26 feet. There are two separate ordinances which forbid the erection of a sign on "A-Residential" property exceeding 12 square feet in area. One is a sign ordinance, Chapter 35 of the Louisville General Ordinances, and the other is a zoning ordinance, Chapter 93 of the Louisville General Ordinances.

Louisville has not adopted both a Master Plan and a Zoning Plan for the city, pursuant to KRS, Chapter 100, but still operates under the 1930 statute (Kentucky Acts 1930, Chapter 86), even though the act has been conditionally repealed. City of Louisville v. Bryan S. McCoy, Inc., Ky., 286 S.W.2d 546.

The zoning ordinance was enacted pursuant to the authority of the 1930 statute. The sign ordinance was enacted in 1954, after the Kentucky Legislature had enacted KRS 83.330, conferring upon cities of the first class the authority to enact and enforce ordinances regulating the construction and control of buildings, dwellings, and structures of all types.

The zoning ordinance provides a "safety valve" against the stringency of the zoning law by permitting a variance to be granted by the Louisville Board of Zoning Adjustment and Appeals. (The duties of this Board have been assumed by the Louisville and Jefferson County Board of Zoning Adjustment and Appeals.)

On the other hand, the sign ordinance does not provide any form of relief in the way of an exception or variance; does not set up a Board of Appeals; and does not provide that an appeal may be taken to any Board of Appeals. Yet it does provide that the erection of signs must meet the fixed zoning requirements in the location in which they are situated.

The question before this Court is whether the Board of Zoning Adjustment and Appeals has authority over the subject matter of an application for an exception or variance under a zoning ordinance where there exists another ordinance (sign) enacted subsequent to the zoning ordinance covering the same subject matter in a more detailed and minute way and which does not provide for review by the Board of Zoning Adjustment and Appeals.

█ Where two statutes deal with common subject matter, the one dealing with the subject in a minute way will prevail over the general statute. This is especially true where the special act is later in point of time. Oppenheimer v. Commonwealth, 305 Ky. 147, 202 S.W.2d 373; Shannon v. Burke, 276 Ky. 773, 125 S.W.2d 238.

█ The special statute (sign ordinance) is an enlargement of one section of the zoning ordinance. It is not an amendment but a separate act; an original and independent piece of legislation complete within itself. It requires no reference to any other statute to render it intelligible and to determine its meaning and scope.

There is no statutory sanction or authority for the Board of Zoning Adjustment and Appeals to review permits under the sign ordinance; no authority in either the zoning ordinance or the sign ordinance. The Board had no jurisdiction to grant the relief sought. The Board may not waive the requirements of the ordinance nor exceed the powers placed in its hands by statute.

The municipal legislative body, having seen the necessity for creating ordinances pertaining specifically to signs, has pre-

empted from the general ordinances those provisions which are specifically covered by the special ordinances. Having passed such special legislation, it was incumbent upon the legislative body, if a variance or exception was to be granted under that ordinance, to have provided the method for achieving it. No method was set up under the sign ordinance here and no appeal board was provided for.

The City's Department of Building and Housing Inspection properly refused to issue a permit for the erection of the sign and the circuit court erroneously issued a mandamus directing that such permit be issued.

The judgment is reversed.