**Ann SCHULTZ, Appellant,**

v.

**Sue N. SCHULTZ et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 5, 1962.

A. E. Funk, Jr., Middlesboro, Glover McGhee, Smith, Swift, Currie & McGhee, At-lanta, Ga., Luther P. House, Jr., Adolphus, for appellant.

E. B. Wilson, Pineville, James Park, Jr., Stoll, Keenon & Park, Lexington, for appellees.

WADDILL, Commissioner.

On January 28, 1960, Ann Schultz, who became 21 years of age on February 1, 1959, filed this action pursuant to KRS 454.-110 seeking to set aside a judgment rendered on November 22, 1941, which declared that she was not entitled as a pretermitted child (KRS 394.380) to any interest in her foster father's estate. Following a hearing the trial court found there had been no fraud or collusion in the procurement of the judgment of November 22, 1941 and refused to grant the relief sought. From a judgment accordingly entered Ann Schultz appeals.

On May 9, 1934, Dr. Jacob Schultz, a resident of Bell County, Kentucky, executed a will under the terms of which he gave his entire estate to his wife, Susan Schultz. Approximately four years thereafter Dr. Schultz and his wife legally adopted a child, then 9½ months of age, whom they named Ann Schultz. Dr. Schultz died during October, 1940, without making any change in his will. Susan Schultz qualified as executrix of his estate and C. W. Bailey, a brother-in-law of Susan, was appointed the statutory guardian of Ann Schultz. During 1941 it became necessary to obtain the aforementioned declaratory judgment to enable Susan Schultz to sell certain parcels of the real estate devised to her by Dr. Schultz's will. The appeal from that judgment was dismissed by this Court because it had not been timely taken and perfected as required by the Declaratory Judgment Act. Schultz v. Schultz, Ky., 332 S.W.2d 253.

The determinative issue on this appeal is whether the finding of fact by the trial court that the 1941 declaratory judgment was not obtained by fraud is sufficiently supported by the record.

The evidence introduced upon the trial of the instant action shows that the statutory guardian of appellant and the attorney who represented her in the 1941 litigation had acted conscientiously and in the furtherance of the appellant's best interest. Consequently, the finding of fact was not erroneous as it is supported by substantial evidence. See CR 52.01. This determination, which leaves the 1941 declaratory judgment in effect, precludes a consideration of the questions raised by appellant concerning the merits of her claim against the estate of her foster father as a pretermitted child.

Judgment affirmed.