Geneva HAMMONS, Appellant,

v.

TREMCO, INC.; Vicki G. Newberg, Acting Director of Special Fund; Ronald L. McDermott, Administrative Law Judge; and Workers' Compensation Board, Appellees.

TREMCO, INC., Cross–Appellant,

v.

Geneva HAMMONS; Vicki G. Newberg, Acting Director of Special Fund; Ronald L. McDermott, Administrative Law Judge; and Workers' Compensation Board, Cross–Appellees.

Nos. 94–SC–44–WC, 94–SC–91–WC.

Supreme Court of Kentucky.

Sept. 1, 1994.

Ordered Published Oct. 19, 1994.

As Corrected Dec. 9, 1994.

John E. Anderson, Cole, Cole, Anderson & Nagle, P.S.C., Barbourville, for Hammons.

Barry Lewis, Suzanne S. Farmer, Farmer, Kelley, and Farmer, London, for Tremco, Inc.

Mark C. Webster, Labor Cabinet—Special Fund, Louisville, for Newberg.

## OPINION AND ORDER

STEPHENS, Chief Justice.

The threshold issue raised by the employer in this workers' compensation case is wheth- er the appeal in *Hammons v. Tremco* (1994) (94–SC–44–WC) should be dismissed pursu- ant to CR 25.01(1) because claimant died on January 12, 1992, while the case was on appeal to the Workers' Compensation Board (Board), and her personal representative has not moved to revive the action or to be substituted as a party to the action. KRS 411.140, KRS 395.278, CR 76.24.

At common law, all pending personal ac- tions permanently abated upon the death of a sole plaintiff or defendant. However, KRS 411.140 permits the revival of an action by or against the personal representative of the deceased party for any action for personal injury except those listed therein.

Although workers' compensation is statuto- ry, the principles of abatement, survival, and revival of actions have been applied to work- ers' compensation cases. Before 1972 the continuation of workers' compensation bene- fits to the dependents of an injured worker after the worker's death was provided pursu- ant to KRS 342.111. Section 111 set forth a specific procedure by which a dependent's claim should be filed. Furthermore, over the years, this section limited the period during which a claim for continuation benefits could be filed to anywhere from 60 days, to 6 months, to a year. The time period was mandatory and was strictly enforced despite arguments involving the liberal construction of workers' compensation law and lack of prejudice to the employer. *Manchester Coal Co. v. Haynes,* 307 Ky. 838, 212 S.W.2d 315 (1948); *Inland Gas Corp. v. Flint,* Ky., 255 S.W.2d 1006 (1953). Chapter 342 contained no provision for the survival of a claim other than as to dependents as provided in KRS 342.111. In *Young v. Bentley,* Ky., 449 S.W.2d 755 (1970), an injured worker's widow revived his workers' compensation action and prosecuted the claim for benefits due and owing at her husband's death. She did not file a claim for survivors' benefits pursuant to KRS 342.111. The Court ruled, however, that by operation of KRS 411.140 the death of the injured worker after he had filed a workers' compensation claim but before the entry of an award did not extinguish the worker's right to compensation benefits ac-

crued up until his death, and his wife was entitled to receive the accrued benefit as an asset of his estate.

In 1972, KRS 342.111 was repealed. KRS 342.730 and KRS 342.750 were enacted to provide for the continuation of workers' compensation benefits to surviving dependents. Unlike KRS 342.111, neither of these statutes addresses the procedure by which or the time period during which surviving dependents may assert their right to receive a continuation of the injured worker's award. In the absence of a specific provision within Chapter 342 regarding the revival of workers' compensation actions after the injured worker's death and in view of the precedent for limiting the period during which a surviving dependent's claim could be filed, we believe that the general law regarding the abatement, survival, and revival of actions should apply to workers' compensation cases.

As set forth in KRS 395.278, the period during which an action may be revived by the successor or personal representative of a deceased party is limited to one year. This provision operates as a statute of limitations; therefore, the period set forth in the statute is mandatory and not subject to enlargement. *Mitchell v. Money*, Ky.App., 602 S.W.2d 687 (1980). If a motion to revive the action and to substitute the successor or personal representative of the deceased party is not made within the prescribed time, the action may be dismissed as to the deceased party. CR 25.01(1). The word "may," as it appears in CR 25.01(1) does not allow for discretionary dismissal but provides for an exception in those instances in which the right to have the action dismissed has been lost, such as by waiver, estoppel, or consent. *Snyder v. Snyder*, Ky.App., 769 S.W.2d 70 (1989). Therefore, when considered together, KRS 395.278 and CR 25.01(1) require that when a plaintiff dies any action pending on the part of the deceased plaintiff must be revived by the decedent's successor or personal representative within one year, and the successor or personal representative must be substituted as the real party in interest. Although an opposing party may, by its action, lose the right to require the timely revival of an action, a party cannot, by such action, confer personal jurisdiction over a successor or personal representative who

has not appeared or been substituted as a party. *Mitchell v. Money, supra.* Likewise, jurisdiction could not be conferred over dependents who had not asserted their rights to survivors' benefits and moved to be substituted as parties to the action.

In the instant case, the employer has moved to dismiss the appeal because claimant died on January 1, 1992; no substitution of parties has been made; no application to revive the action in the name of a successor or personal representative of the decedent has been made; and more than one year has passed since claimant's death. The motion was accompanied by a copy of claimant's death certificate, the authenticity of which is not disputed. Furthermore, counsel for the deceased claimant does not dispute the accuracy of any of the employer's assertions.

Accordingly, the employer's motion to dismiss the appeal in *Hammons v. Tremco* (1994) (94–SC–44–WC) is hereby granted. The employer's motion for leave to file an untimely reply brief in that case is hereby denied. On the Court's own motion, the cross-appeal in *Tremco v. Hammons* (1994) (94–SC–91–WC) also is dismissed.

All concur.

STUMBO, J., not sitting.