Robert L. WHITTAKER, Director of Special Fund, Appellant,

v.

Bill SMITH, Deceased; Sally Smith, Widow; Wolfe Creek Collieries; Donna H. Terry, Chief Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 99–SC–21–WC.

Supreme Court of Kentucky.

Aug. 26, 1999.

David R. Allen, Labor Cabinet, Special Fund, Louisville, for Appellant.

Eugene Rice, Paintsville, for Appellees Smith.

Bennett Clark, Lexington, for Appellee Wolfe Creek Collieries.

This workers' compensation appeal concerns whether the widow of an injured worker who died for reasons unrelated to his work injury is entitled to a continuation of benefits under his award. KRS 342.730(3).

Bill Smith was born on August 27, 1928, and had a second grade education. His entire employment history involved work in and around the coal mining industry. In 1954, he was married to Sally Smith, the claimant herein. Mr. Smith was seriously injured at work on January 6, 1984, and in December, 1986, he was awarded benefits for permanent total disability for so long as he was so disabled. The award

was apportioned 71.43% to the employer and 28.57% to the Special Fund.

Mr. Smith died on January 10, 1995, and was survived by the claimant, his widow. The accuracy of the record with regard to subsequent events is undisputed. It indicates that, in January, 1995, the claimant sought a continuation of the award from the employer through the attorney who had represented her husband. The record indicates that shortly thereafter she was advised by the employer to contact its carrier. The record documents several attempts to obtain a continuation of the award from the carrier, the last of which is a letter dated June 27, 1996. Claimant's attorney indicated that shortly after sending the letter he was advised by telephone that it would be necessary to have the claimant substituted as a party to the action.

On July 16, 1996, claimant moved to be substituted as a party to the underlying claim in order to recover the benefits to which she was entitled. The motion was overruled by the Chief Administrative Law Judge (CALJ) with leave to reinstate when accompanied by a notarized affidavit in support of the motion, a copy of Mr. Smith's death certificate, and a copy of the parties' marriage certificate. A renewed motion which was accompanied by the necessary documentation was filed on September 3, 1996, and the employer's response indicated that it had no objection to the requested substitution of the claimant. Counsel for the Special Fund filed a notice of representation on September 25, 1996. On October 22, 1996, the Special Fund filed a special answer in which it asserted that the one-year period of limitations contained in KRS 395.278 had expired, providing a complete defense to the claim for a continuation of benefits. The CALJ overruled the special answer and ordered a continuation of benefits to the claimant, noting that it was the failure of the employer's carrier to respond to claimant's inquiries in a timely fashion that had prevented her from filing the motion within the statutory period.

In its appeal to the Workers' Compensation Board (Board), the Special Fund relied upon *Hammons v. Tremco, Inc.*, Ky., 887 S.W.2d 336 (1994), and *Palmore v. Helton*, Ky., 779 S.W.2d 196 (1989), as supporting its position. The Special Fund emphasized that it was a codefendant and should not be estopped from asserting a limitations defense by the failure of the employer's carrier to respond in a timely fashion. A majority of the Board concluded that the Special Fund had waived the defense of limitations by failing to assert it in a timely manner. 803 KAR 25:010 § 8. The dissent pointed out that claimant had failed to raise the untimeliness of the Special Fund's defense; furthermore, the period of limitations contained in KRS 395.278 was jurisdictional and did not have to be pled by means of a special answer. *Caldwell v. Bethlehem Mines Corp.*, Ky., 455 S.W.2d 67 (1970); *Schultz v. Schultz*, Ky., 332 S.W.2d 253 (1960).

The Court of Appeals affirmed in a two-to-one decision which distinguished *Hammons v. Tremco, Inc.* because it involved an action that was pending at the death of the injured worker rather than a final award. This appeal by the Special Fund followed.

Before 1972, KRS 342.111 provided for a continuation of benefits to the surviving dependents of an injured worker and contained a period of limitations during which surviving dependents could seek the continuation of a final award. KRS 342.111 was repealed in 1972. KRS 342.730(3) and KRS 342.750 were enacted at that time.[1] Neither contains a period of limitations. For that reason, in *Hammons v. Tremco, Inc.* we determined that the general law regarding the abatement, survival, and revival of actions should apply to a claim for

---

1. KRS 342.750, which applies to the surviving dependents of a worker who dies from a work-related injury.

workers' compensation benefits which was pending at the death of the injured worker.

■ As noted by the Court of Appeals, *Hammons v. Tremco, Inc.* involved the requirements that an action which is pending at the time of the plaintiff's death must be revived within one year by the plaintiff's successor or personal representative and that the successor or personal representative must be substituted as the real party in interest. KRS 411.140, KRS 395.278, and CR 25.01(1). This appeal does not concern the revival of an action that was pending and, therefore, abated upon the plaintiff's death. It concerns compliance with the provisions of a final workers' compensation award with regard to surviving dependents. A final award of workers' compensation benefits is the equivalent of a judgment. It has the same legal effect as a judgment, and it may be enforced as such. KRS 342.305. Unlike a pending action, a judgment survives the death of a judgment creditor. For that reason, the rules concerning the survival of a pending cause of action do not apply to this case. *See* 46 Am.Jur.2d *Judgments* § 421 (1994).

On January 6, 1984, the date of Mr. Smith's injury, KRS 342.730(3)(a) provided that where an injured worker died from causes unrelated to the work injury and where there was no child under the age of eighteen or incapable of self-support, his widow was entitled to receive "income benefits specified and unpaid at [his] death, whether or not accrued or due at his death." We view that provision as implicit in the terms of this litigated award. In other words, the terms of Mr. Smith's award provided that upon his death his widow was entitled to receive any unpaid income benefits authorized by the award. As the beneficiary of the award upon her husband's death, claimant was entitled to enforce its terms. To that end, upon motion and proof of her status, she was entitled to the entry of an order and award which directed the payment of income benefits to her.

■ The question, therefore, is whether or not claimant sought to enforce her rights as the beneficiary of the award in a timely manner. As we have noted previously, Chapter 342 no longer contains a period of limitations with regard to obtaining the continuation of a final workers' compensation award. In any event, we are aware of no period of limitations which would apply to these facts which is less than eighteen months.[2] We conclude, therefore, that where claimant's motion for a continuation of the award was filed eighteen months after the death of her husband, it was timely filed and properly approved.

The decision of the Court of Appeals is affirmed.

LAMBERT, C.J., and GRAVES, JOHNSTONE, KELLER, STUMBO, and WINTERSHEIMER, JJ., concur.

COOPER, J., files a separate opinion in which he concurs in result only.

COOPER, Justice, concurring.

I concur in the result reached by the majority in this case. However, I would not attempt to distinguish *Hammons v. Tremco, Inc.*, Ky., 887 S.W.2d 336 (1994), but would overrule it.

*Hammons* purported to apply the statute of limitations contained in KRS 395.278 to a motion for continuation of benefits filed under KRS 342.730(3). However, KRS 395.278 pertains only to the revival of actions in the name of a personal representative. KRS 342.730(3) does not confer any rights on the personal representative of a deceased workers' compensation claimant. Rather, the statute provides for direct payments to specified survivors.

KRS 413.120(2) provides a limitations period of five years for an action on a liability created by a statute, when no oth-

---

**2.** KRS 413.090(1) contains a fifteen-year period of limitations for an action on a judgment, and KRS 413.120 contains a five-year period of limitations for an action upon a liability created by statute or for an action not arising on a contract and not otherwise enumerated.

er time is fixed by the statute. In *Aetna Casualty & Surety Co. v. Snyder*, Ky., 291 S.W.2d 14 (1956), *overruled on other grounds, Charles Seligman Distrib. Co. v. Brown*, Ky., 360 S.W.2d 509 (1962), it was held that KRS 413.120(2) applied to an action for recoupment of workers' compensation payments brought under KRS 342.055 (now KRS 342.700). However, the general statutes of limitations apply only to "actions," *i.e.*, judicial proceedings, not statutory proceedings. *Metts v. City of Frankfort*, Ky.App., 665 S.W.2d 318 (1984).

Thus, I conclude that there is no period of limitations applicable to a motion for continuation of benefits brought under KRS 342.730(3). However, an action brought in circuit court "by any party in interest" to enforce an award under KRS 342.305 presumably would be subject to the five year limitations period provided in KRS 413.120(2). *Aetna Casualty & Surety Co. v. Snyder, supra.*