RENDERED: JANUARY 21, 2021
TO BE PUBLISHED

# Supreme Court of Kentucky

2019-SC-0279-DG

ESTATE OF JOHN C. BENTON, JR. BY                    APPELLANT
MARY M. MARCUM, AS EXECUTRIX


                    ON REVIEW FROM COURT OF APPEALS
V.                        NO. 2018-CA-0075-MR
            BOONE CIRCUIT COURT NO. 12-CI-02278


TIM THOMAS CURRIN AND                               APPELLEES
JAN MARIA CURRIN



**OPINION OF THE COURT BY JUSTICE VANMETER**

**REVERSING AND REMANDING**

Under KRS[1] 395.278 and CR[2] 25.01, when a party dies during the

pendency of an action, the personal representative of the decedent must be

substituted as a party within one year for the action to be revived. The issue

we must decide in this case is whether the Court of Appeals erred in holding

that Mary Marcum, as executrix of John Benton, Jr.'s estate,[3] failed to comply

with the requirements for revival because her motion to substitute under CR

---

[1] Kentucky Revised Statutes.

[2] Kentucky Rules of Civil Procedure.

[3] In this opinion, our reference to Marcum is in her fiduciary capacity as
Executrix under her father's will.

1

25.01, alone, did not constitute revival. We hold that the Court of Appeals erred and that substitution of a party pursuant to CR 25.01 within the one-year limit set forth in KRS 395.278 sufficiently revives a claim. We therefore reverse the Court of Appeals' decision and remand this case to that Court to resolve the other issues raised by the parties in the appeal.

## I.      Facts and Procedural Background

In late 2012, John Benton, Jr., filed this action in the Boone Circuit Court to cancel a deed granted to Jan and Tim Currin, alleging failure of consideration and fraud in the inducement. The Currins filed an answer and counterclaim.[4] In May 2014, Benton died. Seven months later, Marcum, Benton's daughter who had been appointed executrix of her father's will, filed a motion under CR 25.01 to substitute the estate in the action. The following day, the Currins filed their motion to revive their counterclaim. Both motions were granted in January 2015. After several more years of litigation, and after a deadline for dispositive motions had passed, the Currins moved to dismiss the action, claiming that Marcum's motion for substitution was flawed because it did not revive the cause of action in the case. The trial court denied the motion. The matter then proceeded to trial. A jury returned a verdict in favor of Marcum, finding that Benton had intended the deed as compensation for the Currins' services, which were unfulfilled. In accordance with the jury verdict,

---

[4] After losing an initial motion for summary judgment, the Currins filed their answer, along with a counterclaim and third-party complaint. The third-party complaint joined, as third-party defendants, Benton Family Farms, Inc. and Benton as trustee of the John C. and Rose Benton Trust.

the trial court entered judgment cancelling the deed for a failure of consideration.[5]

The Currins appealed to the Court of Appeals raising several issues. The Court of Appeals addressed only the issue of revival, holding that while Marcum had timely moved for substitution pursuant to CR 25.01, she failed to properly revive the action by a separate KRS 395.278 motion. The Court of Appeals reversed the trial court's judgment. We granted Marcum's motion for discretionary review.

## II.      Standard of Review

As this matter involves questions of pure statutory interpretation, the meaning and impact of KRS 395.278 and CR 25.01, we review the lower court's decision *de novo*. *Hauber v. Hauber*, 600 S.W.3d 204, 207 (Ky. 2020) (citing *Commonwealth v. Moore*, 545 S.W.3d 848, 850 (Ky. 2018)). In conducting our review, we afford no deference to the lower courts' statutory interpretations or conclusions of law. 600 S.W.3d at 207 (citing *Seeger v. Lanham*, 542 S.W.3d 286, 290 (Ky. 2018)).

## III.      Analysis

When a party to an action dies while that action is pending, that action is abated and lies dormant until it is revived by a proper successor-in-interest. *Hardin Cnty. v. Wilkerson*, 255 S.W.3d 923, 926 (Ky. 2008). KRS 395.278

---

[5] The trial court also denied the Currins' motions notwithstanding the verdict; to alter, amend, or vacate the judgment; as well as a motion to rehabilitate the verdict by operation of law.

3

provides that "[a]n application to revive an action in the name of the representative or successor of a plaintiff, or against the representative or successor of a defendant, shall be made within one (1) year after the death of a deceased party." CR 25.01, which operates in conjunction with KRS 395.278, provides, in pertinent part:

> (1) If a party dies during the pendency of an action and the claim is not thereby extinguished, the court, within the period allowed by law, may order substitution of the proper parties. If substitution is not so made the action may be dismissed as to the deceased party. The motion for substitution may be made by the successors or representatives of the deceased party or by any party[.]

We recognize that KRS 395.278 and CR 25.01(1), in tandem, provide the process of revival as well as the window within which it must be completed. Understanding the relationship between the two resolves this dispute.

In *Daniel v. Fourth & Market, Inc.*, 445 S.W.2d 699 (Ky. 1968), our predecessor court detailed the history of revival in Kentucky. It noted that at common law when a plaintiff passed away while prosecuting a case, the case died with him, leaving his rightful successors-in-interest without an opportunity to vindicate any newly acquired rights. *Id.* at 701. At least as early as 1811, the legislature provided for the survival and revival of a personal injury action. *Id.* at 700.[6] In 1851, with the codification of Kentucky statutes,

---

[6] KRS 411.140 now provides for survival of actions:

No right of action for personal injury or for injury to real or personal property shall cease or die with the person injuring or injured, except actions for slander, libel, criminal conversation, and so much of the action for malicious prosecution as is intended to recover for the personal injury. For any other injury an action may be brought or revived by the personal representative, or against the personal representative,

4

the legislature placed revival provisions in the Civil Code. *Id.* Under the Civil Code, revival was a procedural mechanism whereby a decedent's successor could be substituted in an action. *See, e.g., Thompson's Adm'r. v. Williams*, 86 Ky. 15, 20, 4 S.W. 914, 916 (1887) (stating that "[t]he order to revive is a summary mode of bringing the representatives or successors of the deceased party before the court[.]"). In *Davie's Ex'r v. City of Louisville*, 171 Ky. 663, 672, 188 S.W. 911, 915 (1916), the court stated as "obvious that the chief purpose of the [revival] statutes, which prescribe the manner and occasion of procedure to cause a revivor, is to bring the parties in interest before the court, that the rights of all may be conserved. Appearance to an action without questioning the mode of procedure is a waiver." By so stating, the Court clearly minimized necessary formalities associated with revivor, in favor of resolving claims on the merits. Our predecessor court early on understood the purpose of revival in that way. *See, e.g., Bently v. Gregory*, 23 Ky. (7 T.B.Mon.) 368, 369 (1828) (administrator's appearance before the appellate court was sufficient to constitute revival, despite irregularity in serving order of revival on administrator).

In 1950, the General Assembly created the Kentucky Civil Code Committee "to improve civil practice and procedure in the courts of the Commonwealth, . . . and to formulate and execute plans and policies for the

---

heir or devisee, in the same manner as causes of action founded on contract.

simplification, clarification and revision of the Code[.]"[7]  After inviting comment

from members of the Kentucky Bar, the Committee resolved to "insofar as

practicable" follow the Federal Rules of Civil Procedure[8] to create a uniform set

of rules.[9]  As part of its report, the Committee identified and bifurcated

procedural rules from their substantive rights-granting counterparts.[10]

Consequently, in 1952 and 1953, the Revivor of Actions provisions of the Ky.

Civ. Code §§ 500-512 (Banks-Baldwin Law Publ. Co. 1948) were bifurcated into

CR 25.01 and KRS 395.275 – 395.277.[11]  In 1974, the statutory aspects of

revival were further simplified by the repeal of KRS 395.275 – 395.277, and the

enactment of KRS 395.278.[12]

Our case law in the years following our adoption of the Rules of Civil

Procedure reflects a modified understanding of revival from the process detailed

in thirteen sections of the Civil Code, §§ 500 – 512, to a motion made under CR

25.01.  In *Daniel,* we reaffirmed that the revival statute grants a substantive

right to the would-be litigant, while acknowledging that CR 25.01 was the

appropriate procedural means by which it was to be achieved.  445 S.W.2d at

---

[7] Porter Sims, *The Work of Kentucky's Civil Code Committee*, 40 KY. L.J. 7 (1951).

[8] *Id.* at 8.  This statement is noteworthy because the 1937 advisory committee to the Supreme Court of the United States expressly required only a motion to substitute, replacing the prior enacted revivor statute. 1937 Rep. Adv. Comm. on Rules for Civil Procedure. p. 65.

[9] Sims, 40 KY. L.J. at 8.

[10] *Id.* at 7-8.

[11] Civ. Code § 507 was recodified as KRS 395.275, Civ. Code § 508 as KRS 395.276, and Civ. Code § 509 as KRS 395.277.

[12] Act of Mar. 28, 1974, ch. 299, §§ 16, 19, 1974 Ky. Acts 546, 550.

701. In that case, the plaintiff died after filing his action. While a revival motion had been prepared for his widow within three months, she did not file that motion, or otherwise notify the court of her intention to be substituted, until almost two years later. In other words, she acted well beyond the one-year time limit allotted by KRS 395.277. *Id.* at 700. In its analysis of the revival statute and CR 25.01, the Court construed the revival statute as a "statute of limitation, and not a law 'relating to pleading, practice, and procedure[.]'" *Id.* (citing *New Farmers Nat'l. Bank v. Thomas,* 41 S.W.2d 672 (Ky. 1967)). Instead, the Court looked to CR 25.01(1) as the appropriate process by which the revival could have been made, finding the time bar dispositive. *Id.* at 701.

Our more recent case law reflects this analysis as well. In *Hammons v. Tremco, Inc.,* 887 S.W.2d 336 (Ky. 1994), we stated that:

> [T]he period during which an action may be revived by the successor or personal representative of a deceased party is limited to one year. This provision operates as a statute of limitations; therefore, the period set forth in the statute is mandatory and . . . [i]f a motion to revive the action and to substitute the successor or personal representative of the deceased party is not made within the prescribed time, the action may be dismissed as to the deceased party. CR 25.01(1).

*Id.* at 338. As in *Daniel,* "no application to revive the action in the name of a successor or personal representative of the decedent ha[d] been made; and more than one year ha[d] passed since [Hammons'] death."[13] *Id.*

---

[13] We reaffirmed this position in *Harris v. Jackson,* 192 S.W.3d 297, 304 (Ky.2006). We acknowledge, however, the confusion from the quotation in *Hammons*

The Court of Appeals, in its decision below, relied heavily on the following language in *Hammons*, "KRS 395.278 and CR 25.01(1) require that when a plaintiff dies any action pending on the part of the deceased plaintiff must be revived by decedent's successor or personal representative within one year, and the successor or personal representative must be substituted as the real party in interest." *Id.* Its reliance on that language is misplaced. *Hammons* addressed whether jurisdiction could exist when a party died, and his successor gave no notice to the court, a situation factually distinguishable from the one before us. Marcum's motion to substitute herself as the Executrix of Benton's Estate informed the court and the parties, well within the one-year statute of limitations, of her father's passing and her intention to continue the case. Notably, the Currins filed their own revival motion against Marcum, thus clarifying that all parties involved were apprised of the substitution.[14] The Currins were not free to continue litigating the case against Marcum for years after her substitution was accepted by the court, only to object mere weeks before trial to its sufficiency in an effort to avoid adjudication on the merits.[15] Furthermore, the Currins do not argue that Marcum does not have standing to

that seems to create a two-part step "to revive the action and to substitute the successor[.]" 887 S.W.2d at 338.

[14] Under CR 25.01(1), a timely motion to substitute filed by either Marcum or the Currins would have satisfied KRS 395.278.

[15] We note that even if the Currins had objected to Marcum's substitution when the motion was before the court they would still not have been successful because Marcum had satisfied the requirements of CR 25.01(1).

8

continue the litigation. In fact, they had several opportunities following the motion for substitution to object to her intervention and failed to do so.

The Court of Appeals' formalistic approach to revival belies its legislative and judicial history. From the beginning, revival was a means by which the legislature sought to alleviate the already harsh realities of death. Revival was, and continues to be, a vehicle by which successors-in-interest give notice to the court of the passing of the original party and signal their intent to take on the rights and liabilities associated with the original action. With the adoption of the rules of civil procedure in 1953, the legislature and the court acknowledged that substitution of the proper parties accomplished that goal.[16]

The Court of Appeals' approach of a two-step process unnecessarily complicates this process and merely creates a trap for the unwary.[17] We decline to adopt this approach. Instead, we affirm that KRS 395.278 is a statute of limitation, and that a motion for substitution properly filed with the court in accordance with CR 25.01(1) within the one-year allotted by the legislature constitutes revival.[18] To the extent that the following Court of Appeals decisions mandate a two-step process of a motion to revive and a

---

[16] CR 25.01(1) speaks explicitly of "proper parties[,]" imposing on judges the responsibility to ascertain and evaluate whether the individual or entity filing the motion for substitution is appropriate.

[17] Judge Sims concluded his article with the comment, "[w]e all stand united that the maxim 'in our law one comma overturns the whole pleading' shall be eliminated from Kentucky procedure." Sims, 40 KY. L.J. at 10.

[18] Notwithstanding a simplified procedural process for substitution/revival, in *Hardin County*, 255 S.W.3d at 926, we noted that "the revival statute 'has always been strictly construed.' *Daniel*, 445 S.W.2d at 701. '[T]he period set forth in the statute is mandatory and not subject to enlargement.' *Hammons*, 887 S.W.2d at 338."

9

motion to substitute, they are overruled: *Lococo v. Ky. Horse Racing Comm'n*, 483 S.W.3d 848 (Ky. App. 2016); *Koenig v. Pub. Prot. Cabinet,* 474 S.W.3d 926 (Ky. App. 2015); *Frank v. Estate of Enderle*, 253 S.W.3d 570 (Ky. App. 2008); *Snyder v. Snyder*, 769 S.W.2d 70 (Ky. App. 1989). Because we hold that Marcum was properly substituted into the action, we deem it unnecessary to address extensively her argument as to whether this action was one that abated on Benton's death.[19]

## IV.    Conclusion

For the foregoing reasons this case is reversed and remanded to the Court of Appeals for consideration of the unaddressed issues raised by the parties in their appeal.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Marcus Stephen Carey

COUNSEL FOR APPELLEE:

Charles E. Bullard
Mary Gina Hayes
Bullard & Hayes

---

[19] Simply stated, the interplay between CR 25.01, KRS 395.278, and KRS 411.140 is that when a party dies, any action may be revived by substituting the personal representative, CR 25.01, within one year of the date of death, KRS 395.278, except for those actions listed in KRS 411.140 which do not survive the deceased's death, *e.g.,* slander, libel, etc.