RENDERED: APRIL 8, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1048-MR

THE ESTATE OF AYANNA HENRY,
DECEASED (SUCESSOR
ADMINISTRATOR NOT YET
APPOINTED); AND THE ESTATE OF
LENA BAILEY, DECEASED
(SUCCESSOR ADMINISTRATOR
NOT YET APPOINTED)                                          APPELLANTS


                        APPEAL FROM JEFFERSON CIRCUIT COURT
v.           HONORABLE ANGELA MCCORMICK BISIG, JUDGE
                        ACTION NO. 15-CI-002902


AMERICAN WATER HEATER
COMPANY AND MR. ROOF OF
LOUISVILLE, LLC                                               APPELLEES


OPINION
VACATING AND
REMANDING

** ** ** ** **

BEFORE:  CALDWELL, COMBS, AND L. THOMPSON, JUDGES.

COMBS, JUDGE:  The Estate of Ayanna Henry and the Estate of Lena Bailey

(referred to collectively as the Estates) appeal the dismissal of their civil action

against American Water Heater Company (American Water Heater) and Mr. Roof of Louisville, LLC (Mr. Roof). On appeal, the Estates argue that the trial court erred by concluding that they failed to timely substitute a new personal representative following the death of the original personal representative, who had been appointed to act for them both. They contend that the provisions of KRS[1] 395.278 (which impose a statutory limitations period for revivor of an action following the death of a party) do not apply following the death of an estate's personal representative. After our review, we agree. Consequently, we vacate and remand for further proceedings.

On June 18, 2014, eleven-year-old Ayanna Henry was found dead in the basement of her home. Her mother, Shanita Bailey; grandmother, Lena Bailey; and her little sister, Aniya Henry, reported headaches and flu-like symptoms. Therefore, first-responders tested for elevated levels of carbon monoxide in the home. The tests were positive for excessive carbon monoxide.

On June 11, 2015, Shanita Bailey was appointed administrator of the Estate of Ayanna Henry. On the same day, Lena Bailey and Shanita Bailey, individually; and Shanita Bailey in her capacity as administrator of Ayanna's Estate and as next friend of Aniya, timely filed a personal injury and wrongful death action against multiple defendants, including American Water Heater and

---

[1] Kentucky Revised Statutes.

Mr. Roof. They alleged that the negligence of American Water Heater and Mr. Roof caused Ayanna's death and personal injury to Lena Bailey, Shanita Bailey, and Aniya Henry.

Just weeks later, Lena Bailey died, and her action abated. Shanita Bailey was appointed personal representative of Lena's Estate, and she timely revived Lena's claims on March 29, 2016. On August 5, 2016, Shanita Bailey died. Her individual claims abated.

Following Shanita Bailey's death, counsel undertook to determine who would be substituted as administrator of each of the three decedents' estates. On December 5, 2018, Brian Cochran, Lena Bailey's long-term partner and father of Shanita Bailey, was appointed by the probate court as administrator of the estates of Shanita Bailey, Lena Bailey, and Ayanna Henry. However, Shanita Bailey's **individual** claims were not timely revived. They were dismissed, and this appeal does not deal with that issue.

Subsequently, American Water Heater and Mr. Roof filed motions for summary judgment. They argued that the claims of the Estates of Lena Bailey and Ayanna Henry had not been timely revived pursuant to the provisions of KRS 395.278 ("the revivor statute"). The Estates argued that the provisions of the revivor statute were inapplicable. They contended that a new personal representative, Brian Cochran, could be substituted for Shanita Bailey pursuant to

the provision of KRS 395.280. This statute provides a summary procedure by which the court may order a substitute personal representative to replace one who dies or is removed from service. It does not impose an independent period of limitations on the procedure.

On June 14, 2020, the Estates filed a motion to substitute under the provisions of KRS 395.280. The Estates argued that the statutory limitations period for revivor under KRS 395.278 could not be grafted onto the provisions of KRS 395.280 providing for the substitution of an estate's personal representative.

The circuit court's order was entered on July 23, 2020. Without addressing the motion filed by the Estates to substitute a personal representative for the deceased Shanita Bailey, the court concluded that the statutory limitations period of the revivor statute applied and that the limitations period had expired without the claims of the Estates having been revived. Consequently, it dismissed the Estates' claims. This appeal followed.

On October 19, 2020, the Estates filed in this Court a motion for substitution. They requested that Brian Cochran be substituted as successor administrator so that the appeal could proceed. On October 26, 2020, Mr. Roof filed its response. It argued that this court lacked jurisdiction to order substitution of the Estates' original personal representative.

On October 29, 2020, American Water Heater responded to the Estates' motion and made a motion to dismiss the appeal. It argued that the motion for substitution was untimely and that counsel for the Estates sought to prosecute the appeal without a live client. It contended that the Estates could not act without a personal representative and for that reason the appeal must be dismissed. The motions were passed to this merits panel for resolution by order entered on June 4, 2021. The resolution of the motions and the merits of the appeal are mutually intertwined.

Because this matter involves statutory interpretation -- *i.e.*, the meaning, interrelationship, and application of the provisions of KRS 395.278 and KRS 395.280 -- we review the lower court's decision *de novo*. *Hauber v. Hauber*, 600 S.W.3d 204 (Ky. 2020). We do not defer to the circuit court's interpretation of the statutes. *Id.*

At common law, when a party died, his legal proceedings abated; the proceedings died with him. *Hardin County v. Wilkerson*, 255 S.W.3d 923 (Ky. 2008). There was no method by which the decedent's action could continue to be maintained. *Id.*

In contrast to the common law, the provisions of KRS 395.278 provide that an abated action can be revived. However, because the decedent's action has abated, it cannot continue to be prosecuted in his name. *Id.* The

original action remains on the docket only as a placeholder for an action revived by the personal representative of the decedent's estate. *Id.* Revivor is the vehicle by which successors-in-interest give notice to the court of the passing of the original party; revivor signals an intent to take on the rights and liabilities associated with the original action. *Estate of Benton by Marcum v. Currin*, 615 S.W.3d 34 (Ky. 2021).

Pursuant to the provisions of KRS 395.278, the period during which an action may be revived by the successor or personal representative of the deceased party is expressly limited to one year. That provision operates as a statute of limitations; therefore, the period set forth in the statute is mandatory, and where a motion "to revive the action and to substitute the successor or personal representative of the deceased party is not made within the prescribed time, the action may be dismissed as to the deceased party. CR[2] 25.01(1)." *Estate of Benton*, 615 S.W.3d at 38 (quoting *Hammons v. Tremco, Inc.*, 887 S.W.2d 336, 338 (Ky. 1994)).

In this case, Lena Bailey's action abated upon her death. Shanita Bailey was duly appointed personal representative of Lena's Estate, and Shanita revived Lena's claims on March 29, 2016. There is no dispute concerning the timeliness of the revivor of Lena Bailey's action.

---

[2] Kentucky Rules of Civil Procedure.

On August 5, 2016, Shanita Bailey died. Upon her death, Shanita's individual claims abated; they *were not revived* pursuant to the provisions of KRS 395.278. Consequently, they were dismissed pursuant to the provisions of CR 25.01. Those individual claims are irrelevant to this appeal.

The dispute on appeal focuses only upon what happened next. On December 5, 2018, Brian Cochran was appointed by the probate court as administrator of the Estates of Lena Bailey and Ayanna Henry. On June 14, 2020, well beyond the period prescribed by the provisions of KRS 395.278, the Estates filed a motion to substitute under the provisions of KRS 395.280. The statute provides as follows:

> When any personal representative commences an action or is sued, and then dies, is removed or is superseded by another before the termination of the action, his successor may, by order of court, be substituted for the original plaintiff or defendant.

Because it erroneously believed that Brian Cochran's substitution under KRS 395.280 was time-barred, the circuit court declined to enter the order permitted by the statute.

The statute provides a summary procedure by which an estate's personal representative may be replaced upon her death or removal. Upon the appointment of the estate's representative, the mechanism for administering the decedent's assets and liabilities has been implemented; the conduct of the

decedent's estate is supervised by the probate court. Death or removal of the appointed representative does not cause the estate's action to abate. Instead, her death or removal merely requires substitution with yet another representative.

The procedure established by KRS 395.280 does not refer to revivor of an action, and it does not contain a period of limitations. Revivor applies as a concept only to the estate of a deceased person -- not to the replacement of a personal representative who was charged with administration of the revived action brought in the name of the estate. The limitations period established by the provisions of KRS 395.278 governs the procedure by which a deceased party's action is revived in the name of her estate's personal representative. It is not applicable to the subsequent substitution of the personal representative. Consequently, the trial court erred by failing to order the substitution of the Estates' personal representative.

The order of the Jefferson Circuit Court is vacated. This case is remanded for further proceedings.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Kevin M. Monsour
Louisville, Kentucky

Charles E. Soechting, Jr.
Dallas, Texas

BRIEF FOR APPELLEE
AMERICAN WATER HEATER
COMPANY:

Byron N. Miller
Joseph A. Wright
Louisville, Kentucky

BRIEF FOR APPELLEE MR. ROOF
OF LOUISVILLE, LLC:

John R. Martin, Jr.
Hunter Rommelman
Louisville, Kentucky