**Eric M. LAMB, Appellant,**

v.

**Catherine FULLER; W. Bruce Cowden, Jr., General Electric; Special Fund; and Workers' Compensation Board, Appellees.**

**No. 1999–CA–001832–WC.**

Court of Appeals of Kentucky.

Oct. 6, 2000.

Eric M. Lamb, Louisville, KY, Brief and Oral Argument for Appellant.

Joel Zakem, Frankfort, KY, Brief and Oral Argument for Appellee Special Fund.

Before BARBER, COMBS, and McANULTY, Judges.

*OPINION*

COMBS, Judge:

Eric M. Lamb, an attorney, appeals an opinion of the Workers' Compensation Board (Board) affirming the decision of an Administrative Law Judge (ALJ). The

---

Board concluded that an attorney who handles separate claims consolidated for procedural purposes is limited to a single fee pursuant to Kentucky Revised Statute (KRS) 342.320. After reviewing the arguments, we reverse and remand.

Catherine Fuller began working for General Electric Company in August 1973. On February 23, 1994, she filed a Form 101 (Application for Adjustment of Claim) with the Department of Workers Claims. Fuller alleged that she had sustained injuries to her shoulders, arms, neck, back, and hands arising from incidents occurring in October 1988, February 1989, February 1992, and January 1993; she also claimed injury from cumulative trauma. In September 1998, Fuller's claims were settled with the employer and the Special Fund. By agreement, she received $55,000.00 for her total disability resulting from incidents that had occurred in February 1992 and January 1993. The settlement agreement indicated that the two claims had been compromised to a value of $27,500.00 each.

Following the settlement, Eric Lamb, Fuller's attorney, filed a motion for attorney fees. Lamb submitted separately executed professional service contracts for the two compromised claims and requested that separate attorney fees be approved. Lamb itemized a total of 76.70 hours spent in securing the settlement and sought a fee of $5,375.00, for each claim.[1]

The ALJ approved an attorney fee in the total amount of $7,500.00. The ALJ stated:

> Pursuant to KRS 342.320(1), an Administrative Law Judge is required to consider certain factors in fixing a reasonable fee for the legal service rendered. These factors include the nature, scope, and quality of legal services, level of skill and competence exhibited by the attorney, the result achieved, and the contingent nature of the case. In the instant case, it is found that the plaintiff's claim has been practiced with a high level of skill and competence and an excellent result has been achieved. These factors, together with recognition that the attorney's fee was contingent in nature and no fee would have been payable in the event an Award were not rendered, *all mitigate in favor of the approval of the maximum attorney's fee allowable.*
> Therefore, after full review of the above factors and of the record in this claim, and further exercising the discretion afforded an Administrative Law Judge to balance the competing interests of the injured worker and those of his legal counsel, an attorney's fee in the amount of $7,500.00 is hereby approved for the services rendered.

(Emphasis added).

Lamb filed a timely petition for reconsideration requesting that the ALJ award him a total fee of $10,750.00. In denying the petition, the ALJ stated:

> This matter comes before the ALJ on the plaintiff's attorney's petition for reconsideration of an order entered on September 30, 1998 approving an attorney fee in the above styled case in the amount of $7,500.00. In said petition the plaintiff's attorney points out that the two injuries which are the subject matter of the settlement have separate claim numbers. Plaintiff's attorney then argues that truly there are two separate claims for which the plaintiff received compensation being the claims of February 12, 1992 and January 13, 1993. It should be pointed out however that only one claim as reflected with the filing of the Form 101 (File no. 93–46717) contains the two injury dates in question which comprise the settlement agreement. Pursuant to KRS 342.320 the ALJ finds that he has no other recourse than to approve the attorney fee as set out in KRS 342.320 which specifies the percentages which must be taken into account for the approval said of [sic] attorney fee. For this reason, the ALJ DENIES the plaintiff's attorney's peti-

---

unusual punishment, and violated the ex post facto clause in that case.

1. Lamb acknowledges that his first request for $11,000.00 in fees was erroneous.

tion for reconsideration and hereby approves the attorney fee in the amount as specified in the September 30, 1998 order.

On appeal to the Board, Lamb contended that the ALJ erred by finding that an award of two separate fees was precluded by the provisions of KRS 342.320. The Board disagreed, concluding as follows:

The law in effect on Fuller's dates of injuries contained the language in KRS 342.320(1) which states in part, as follows:

In an original claim, no attorney's fees shall be allowed or approved ... exceeding an amount equal to twenty percent (20%) of the first twenty-five thousand ($25,000.00), fifteen percent (15%) of the next ten thousand dollars ($10,000.00) and five percent (5%) of the remainder of the amount recovered....

Based upon the total recovery by Lamb in the amount of $55,000.00, the ALJ ... appropriately calculated Lamb's attorney fee to be $7,500.00.

Lamb argues that the language in Section 320(1) "in an original claim ..." requires a construction that the word "claim" is not used collectively to refer to all claims a particular individual has arising from different incidents on different dates. Lamb points out that even the Department of Workers Claims assigned the injuries in 1992 and in 1993 with different claim numbers. Lamb reasons, merely because these claims were consolidated for adjudication before ALJ Cowden, that should not preclude separate attorney fees being approved. We disagree. Fuller only filed one Application for Adjustment of Claims in which were noted various injuries which were appropriately consolidated by order of the Chief Administrative Law Judge.

Although the statute and case law do not specifically address an issue such as this, we believe and conclude that since Fuller's claim was pursued as a single original action, the most logical approach is the one followed by the ALJ.

The ALJ's opinion and order were affirmed by the Board, and this appeal followed.

Lamb argues that the Board has misconstrued the relevant provision and that its opinion elevates form over substance. According to Lamb, the Board's opinion implies that had he simply filed separate Application for Adjustment of Claim forms, he would have been eligible to receive separate attorney fee awards following settlement of Fuller's claims. We agree that the decision to file a single Application for Adjustment of Claim form should not foreclose an award of separate attorney fees in a case where the claimant has prosecuted and has been compensated for multiple claims.

The version of KRS 342.320 at issue here contains no explicit provision limiting attorney fees in consolidated cases. We are not persuaded that the provision should be read broadly to limit fee awards to satisfy "public policy" concerns. Public policy concerns, obviously focused on saving public monies wherever possible, should be equally intent on encouraging skilled and diligent legal representation for injured workers. The record in this case indicates that Lamb expended more than seventy-six hours preparing Fuller's case. The employer's responsibility for Fuller's medical bills and her entitlement to temporary total disability benefits were contested issues-as was the extent of any prior, active disability. Fuller's deposition was taken twice; multiple independent medical evaluations were scheduled and performed. The record also demonstrates that the apportionment of Fuller's settlement in the amount of 50% to each compromised claim was logical and fair. The ALJ specifically noted that Lamb had served his client very well on these complicated claims.

Having reviewed the statute in light of Lamb's arguments, we conclude that he was not limited-as a matter of law—to a

single attorney fee award. Therefore, we reverse the Board. Since the ALJ has indicated that the extent and quality of the services Lamb rendered in this case entitled him to the maximum fee award allowed by law, we remand for entry of an order awarding him the sum of $10,750.00, representing compensation for the two separately prosecuted claims.

All concur.