Lisa A. CURRY, et al., Appellant,

v.

TOYOTA MOTOR MANUFACTURING KY, INC.; Workers' Compensation Funds, Successor to Special Fund; Hon. James L. Kerr, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 2002–SC–0288–WC.

Supreme Court of Kentucky.

Nov. 21, 2002.

Motion to Depublish Opinion Denied Jan. 14, 2003.

Michael C. Arnold, Crestview Hills, Counsel for Appellant.

H. Douglas Jones, H. Douglas Jones & Associates, PLLC, Florence, Counsel for Appellee, Toyota Motor Manufacturing, KY, Inc.

John William Burrell, David W. Barr, Kentucky Labor Cabinet, Frankfort, Counsel for Appellee, Special Fund.

## OPINION OF THE COURT

An injured worker's attorney appeals decisions that limited his fee to $15,000 for both effecting a settlement with the employer and successfully litigating the claim for a 1995 injury against the Special Fund. Although he maintains that KRS 342.320(1) authorized a separate $15,000 fee for obtaining a recovery from each defendant, we have concluded that the statute authorized only one attorney fee for the entire recovery. Hence, we affirm.

On July 19, 1995, the claimant sustained a work-related injury to her head and spine when a station wagon hatch door hit her on the head. She later filed an application for benefits wherein she named both the employer and Special Fund as defendants. The matter was held in abeyance for a period of time pending settlement negotiations with the employer but was assigned to an Arbitrator early in 2000, when an agreement failed to materialize. Proof-taking began, and the matter was later transferred to an Administrative Law Judge (ALJ). In December, 2000, after the parties finished taking proof and after the pre-hearing conference was conducted, the claimant and her employer agreed to settle the matter for a substantial lump sum and periodic payments for life. The claimant's attorney then submitted the agreement for approval and requested a fee of $15,000 from the recovery, detailing

the services that he had provided from November 8, 1995, through December 27, 2000. Noting that the claim was practiced with a high degree of skill and that an excellent result was achieved, the ALJ approved the requested fee. Consistent with the claimant's Form 109 election, it was deducted from the lump sum payment.

In May, 2001, the remainder of the claim was heard, and the ALJ rendered an opinion that awarded the claimant a total disability, half of which was apportioned to the Special Fund. The claimant's attorney then requested a fee of $15,000 from the recovery against the Special Fund, accompanying his motion with a detailed list of the services that he had provided from November 8, 1995, through July 2, 2001, and a Form 109 in which the claimant indicated that she wished to pay the fee out of past-due benefits. Denying both the motion and the attorney's subsequent petition for reconsideration, the ALJ noted that the attorney had already received the maximum fee that was permitted under KRS 342.320(1) and was not entitled to a second fee. Having failed to convince either the Workers' Compensation Board (Board) or the Court of Appeals that the decision was erroneous as a matter of law, the attorney appeals.

As effective April 4, 1994, KRS 342.320 provided, in pertinent part, as follows:

(1) All fees of attorneys ... shall be subject to the approval of the administrative law judge.... In an original claim, no attorney's fees shall be allowed or approved against any party not represented by an attorney, nor shall any attorney's fee be allowed or approved exceeding an amount equal to twenty percent (20%) of the first twenty-five thousand dollars ($25,000), fifteen percent (15%) of the next ten thousand dollars ($10,000), and five percent (5%) of the remainder of the amount recov-

ered .... However, in no event shall the attorney's fee exceed fifteen thousand dollars ($15,000)....

(2) No attorney's fee in any case involving benefits under this chapter shall be paid until the fee is approved by the administrative law judge, and any contract for the payment of attorney's fees otherwise than as provided in this section shall be void. The motion for approval of an attorney's fee shall be submitted within thirty (30) days following finality of the last appealable order of the administrative law judge....

The Court of Appeals determined that the claimant "had only one injury and one claim" and concluded, therefore, that the attorney was entitled to only one maximum fee. Emphasizing that he provided approximately 307.74 hours to achieve the two separate awards, the attorney asserts that what this appeal truly concerns is "the reasonable amount of an attorney fee for a second proceeding and second amount recovered." Relying on *Lamb v. Fuller*, Ky. App., 32 S.W.3d 518 (2000), he maintains that although only one claim was filed, the permissible fee under KRS 342.320(1) is the stated percentage of each recovery, up to a maximum of $15,000 per recovery.

We are not persuaded that *Lamb v. Fuller, supra,* controls these facts. There, the worker was injured in four discrete incidents over a period of more than four years but filed a single Form 101 application wherein she alleged an injury from each of the incidents and also from cumulative trauma. She later reached an agreement with the employer and the Special Fund by which she would receive a lump sum for total disability resulting from the last two incidents. The agreement indicated that the claim for each of the two incidents had been compromised for half of the sum and, therefore, the worker's attorney requested two separate

fees, one for the recovery from each incident. Concluding that the outcome should not be affected by the fact that the worker had filed only one Form 101, the Court determined that because the agreement resolved two separate claims, the attorney was entitled to a fee for the recovery on each claim. Even if we were to agree with *Lamb v. Fuller, supra*, which is a Court of Appeals decision, it implied no more than that KRS 342.320(1) authorized an attorney fee based upon the recovery for each incident, without regard to whether a separate Form 101 was filed for each.

Although the claimant's Form 101 named both the employer and the Special Fund as parties-defendant, it alleged that she was injured as a result of only one incident. Attempting to justify two fees, the attorney maintains that he expended many hours "in two separate litigations at different times for the two separate recoveries." It is apparent from the record, however, that the agreement with the employer was not reached until after the pre-hearing conference, at which point the proof had closed with the exception of the hearing. To bolster his argument, the attorney maintains that he expended approximately 307.74 hours on the entire matter. Yet, the itemized statements that appear in the two attorney fee motions are identical up until December 27, 2000, and the vast majority of those 307.74 hours were used to justify the fee that he requested from the recovery against the employer. Of the total, only 38.51 hours were expended after that point, and several of the notations related to actions taken with regard to wrapping up the settlement. More important, however, is the fact that Chapter 342 clearly considers the claims against an employer and the Special Fund to be parts of a whole rather than separate claims that may be prosecuted separately. This is evidenced by KRS 342.120(4) which, at the time of the claimant's acci-

dent, provided that the Special Fund must be named as a party to the proceedings against the employer as soon as practicable or any recovery against it was barred.

Finally, the attorney maintains that there would be no incentive for an attorney to prosecute a claim against a second defendant after effecting a settlement with the first if no additional fee were permitted. We note, however, that aside from possible ethical and legal consequences to the attorney for failing to do so, an attorney fee motion is premature under KRS 342.320(2) until finality of the ALJ's last appealable order. Thus, where there are multiple defendants, an attorney fee award is premature until after the extent of all defendants' liability has been resolved. In any event, this attorney did prosecute the claim against the Special Fund after being awarded a fee from the settlement proceeds, so we will address the matter no further.

Just as KRS 342.730 limited a worker's recovery from all defendants to the maximum benefit for permanent, total disability, KRS 342.320 limited the worker's attorney fee in an original claim to a maximum of $15,000. Although the claimant named two defendants, she had only one claim for the effects of the work-related accident, and her attorney has already been awarded the maximum fee out of the settlement proceeds. Under those circumstances, we are persuaded that the ALJ properly denied his motion for another $15,000 fee.

The decision of the Court of Appeals is affirmed.

All concur.