# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: AUGUST 20, 2015
NOT TO BE PUBLISHED

Supreme Court of Kentucky

2015-SC-000022-WC

FINAL

DATE 9-10-15 EwAGrourrP.C.

JEFFERY A. ROBERTS                                                    APPELLANT


ON APPEAL FROM COURT OF APPEALS
V.                          CASE NO. 2014-CA-000793-WC
WORKERS' COMPENSATION NO. 12-80340


LAURIE STICKLEN, INDIVIDUALLY AS THE
SURVIVING SPOUSE; LAURIE STICKLEN,
AS ADMINISTRATRIX OF THE ESTATE OF
JAMES STICKLEN; LAURIE STICKLEN, AS
THE NATURAL GUARDIAN FOR THE MINOR
CHILD, ANDREW STICKLEN; MARY STICKLEN;
EMILY STICKLEN; CITY OF ALEXANDRIA;
HONORABLE THOMAS G. POLITES,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD                                          APPELLEES


**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

Appellant, Jeffery A. Roberts, appeals a Court of Appeals decision which upheld the limiting of his attorney fee due to the statutory cap provided in KRS 342.320(2) for an original claim. Roberts argues that since he represented five plaintiffs in this workers' compensation matter involving the death of James Sticklen (the Estate of James Sticklen; his wife Laurie Sticklen; and his children Mary Sticklen; Emily Sticklen; and Andrew Sticklen), he actually was

the attorney in five original claims, and thus may receive attorney fees from each party. For the reasons set forth below, we affirm the Court of Appeals.

James Sticklen was a police officer for the City of Alexandria when he collapsed while on duty. He later died of a pulmonary embolism, caused by his being kicked in the leg by a student when he was assigned to work as a school resource officer. Sticklen's widow, Laurie, attempted to negotiate, *pro se*, a settlement with the City of Alexandria's workers' compensation carrier to no avail. She then filed a Form 101 on behalf of her deceased husband. After filing the Form 101, Laurie Sticklen contacted Roberts and he agreed to represent all of the plaintiffs. Because James Sticklen was deceased and could not pursue a claim, *Hammons v. Tremco, Inc.*, 887 S.W.2d 336 (Ky. 1994), Roberts subsequently amended the Form 101 to include claims for all of the plaintiffs. Roberts subsequently established that James Sticklen's death was work-related and that the plaintiffs were entitled to benefits.

The parties entered into an Agreement as to Compensation and Order Approving Settlement. Pursuant to the settlement, the Estate was to receive a lump sum amount of $70,916.46. Laurie Sticklen was to receive weekly payments which would amount to a total of $71,985.87. Mary Sticklen would receive weekly payments totaling $8,662.80; Emily Sticklen would receive weekly payments totaling $23,310.91; and Andrew Sticklen would ultimately receive a total of $37,665.60. The settlement amount received by each plaintiff was governed by KRS 342.750.

2

Roberts filed a motion for approval of attorney fees seeking payment from each individual party based on the percentages set forth in KRS 342.320. Thus, Roberts sought a fee of $8,295.82 from the Estate of James Sticklen; $8,349.29 from Laurie Sticklen; $1,732.56 from Mary Sticklen; $4,662.17 from Emily Sticklen; and $6,633.28 from Andrew Sticklen. The fee Roberts requested totaled $29,673.12, which would exceed the attorney fee cap for an original claim pursuant to KRS 342.320(2).

While the ALJ was favorably impressed with Roberts's work, he held that the award received by the plaintiffs originated from one original claim. Thus, the Administrative Law Judge ("ALJ") ruled on Roberts's motion and awarded him attorney fees of $12,000 based on the cap in KRS 342.320(2). The ALJ found:

> that there was only one original claim in this matter, that being the unfortunate fatal injury suffered by James Sticklen and therefore counsel is limited to the $12,000 statutory maximum for an original claim. In further support of this determination the ALJ notes that this claim concerned only one injury, that being the fatal embolism suffered by Mr. Sticklen [] and given that injury resulted in the death of the claimant, KRS 342.[750] provides that in such a case benefits can be paid to the estate, the widow, and surviving dependent children. As such, all settlement benefits in this claim flowed from one single injury and the ALJ believes that in such circumstances there is only one original claim and hence only one attorney fee is appropriate.

The ALJ distinguished *Lamb v. Fuller*, 32 S.W.3d 518 (Ky. App. 2000), from the present matter because, while the attorney in *Lamb* received fees in excess of the statutory cap, it was based on the fact that his one client, despite filing a consolidated claim, had multiple injury dates. In this case, there was one work-related injury which led to James Sticklen's death from which the

3

benefits for the five plaintiffs stemmed. The Board and Court of Appeals affirmed and this appeal followed.

The Board's review in this matter was limited to determining whether the evidence is sufficient to support the ALJ's findings, or if the evidence compels a different result. *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687 (Ky. 1992). Further, the function of the Court of Appeals is to "correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Id.* at 687-88. Finally, review by this Court "is to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude." *Id.* Keeping these standards in mind, we affirm the Court of Appeals.

The sole issue on appeal is whether the five awards obtained for the plaintiffs arose under a single "original claim" for purposes of the attorney fee cap in KRS 342.320(2). That statute states in pertinent part:

> In an original claim, attorney's fees for services under this chapter on behalf of an employee shall be subject to the following maximum limits:
> (a) Twenty percent (20%) of the first twenty-five thousand dollars ($25,000) of the award, fifteen percent (15%) of the next ten thousand dollars ($10,000), and five percent (5%) of the remainder of the award, not to exceed a maximum fee of twelve thousand dollars ($12,000). This fee shall be paid by the employee from the proceeds of the award or settlement. . .

The term "original claim" is not defined by statute. However, we have previously held that an original claim is one claim and one work-related injury

4

despite the presence of two defendants. *Curry v. Toyota Motor Mfg. KY, Inc.*, 91 S.W.3d 557 (Ky. 2002).

Roberts argues that we should define "original claim" so that each of the plaintiffs who received benefits in this matter has an individual original claim. However, adopting such a definition would go against our statutory scheme.

KRS 342.750, the statute which governed the distribution of benefits in this matter, states in pertinent part:

> If the injury causes death, income benefits shall be payable in the amount and to or for the benefit of the persons following, subject to the maximum limits specified in subsections (3) and (4) of this section:
>
> . . .
>
> (1)(b)  To the widow or widower, if there is a child or children living with the widow or widower, 45 percent of the average weekly wage of the deceased, or 40 percent, if such child is not or such children are not living with a widow or widower, and in addition thereto, 15 percent for each child.  Where there are more than two (2) such children, the indemnity benefits payable on account of such children shall be divided among such children, share and share alike.
>
> . . .
>
> (6)  In addition to other benefits as provided by this chapter, if death occurs within four (4) years of the date of injury as a direct result of a work-related injury, a lump-sum payment of fifty thousand dollars ($50,000) shall be made to the deceased's estate, from which the cost of burial and cost of transportation of the body to the employee's place of residence shall be paid. . . .

The plain language of KRS 342.750 requires a determination of whether the employee suffered a work-related injury which ultimately caused his death.  If such an injury occurred, then income benefits are apportioned to the survivors and the estate according to the statutory scheme.  Thus, as held by the ALJ, this matter constitutes an original claim despite the presence of five plaintiffs because all settlement benefits flowed from the single work-related injury to

James Sticklen. Roberts only had to show the existence of one work-related injury and the effects from that injury. Finding this matter constitutes an original claim is consistent with the intent behind KRS 342.320 and KRS 342.750 and our holding in *Curry*, 91 S.W.3d 557.

Roberts argues that *Lamb*, 32 S.W.3d 518, should influence our decision because in that case, the attorney was found to be entitled to attorney fees in excess of the cap for work performed for one client. However, we decline to decide this matter in line with *Lamb's* reasoning, because the consolidated claim in *Lamb* included multiple dates where work-related injuries occurred. Thus, the attorney in that matter had to prove the existence of multiple work-related incidents. In this matter, James Sticklen only suffered one work-related injury which led to his death and *Lamb* is therefore distinguishable.

Roberts also cites to *Hammons*, 887 S.W.2d 336, where this Court held that when an employee dies during the pendency of his workers' compensation claim, the personal representative of the estate and each of his dependents must assert their right to benefits within a certain time under CR 25.01 and KRS 395.278. Because the action must be revived by each of the parties before they may receive benefits, Roberts argues that five separate original claims must exist. However, while *Hammons* does create additional work for attorneys, the facts in that case are distinguishable from the facts in this matter. Specifically, James Sticklen died prior to the filing of a workers' compensation claim and revival was not required. *Hammons* is not persuasive.

For the above stated reasons we affirm the decision of the Court of Appeals.

All sitting. Minton, C.J.; Abramson, Barber, Cunningham, Noble, and Venters, JJ., concur. Keller, J., concurs by separate opinion.

KELLER, J. CONCURRING: I concur with the result of the majority opinion. However, I write separately to address an issue raised in the *amicus* brief. As noted in that brief, the interests of the surviving spouse and dependent children of the decedant may not always be aligned. That does not appear to be the case here; however, should that occur, one attorney representing both the surviving spouse and the children would present significant ethical problems. Therefore, I anticipate that separate counsel would and should be required and nothing in this opinion forecloses such counsel from seeking separate attorney fees.

COUNSEL FOR APPELLANT,
JEFFERY A. ROBERTS:

Jeffery Roberts


COUNSEL FOR APPELLEE:
LAURIE STICKLEN, INDIVIDUALLY AS THE
SURVIVING SPOUSE; LAURIE STICKLEN,
AS ADMINISTRATRIX OF THE ESTATE OF
JAMES STICKLEN; LAURIE STICKLEN, AS
THE NATURAL GUARDIAN FOR THE MINOR
CHILD, ANDREW STICKLEN

Laurie Sticklen, *pro se*


COUNSEL FOR APPELLEE,
MARY STICKLEN:

Mary Sticklen, *pro se*


COUNSEL FOR APPELLEE,
EMILY STICKLEN:

Emily Sticklen, *pro se*


COUNSEL FOR APPELLEE,
CITY OF ALEXANDRIA:

Denis S. Kline


COUNSEL FOR AMICUS CURIAE,
KENTUCKY CHAPTER OF AMERICAN FEDERATION
OF LABOR AND CONGRESS OF INDUSTRIAL
ORGANIZATIONS (KENTUCKY AFL-CIO):

Eric M. Lamb